447 So.2d 347 (1984)
Robert L. CROSBY and Bernice O. Crosby, Appellants,
v.
FLEMING & SONS, INC., a Corporation, Benjamin Johnson and Safeco Insurance Company, a Corporation, Appellees.
No. AO-98.
District Court of Appeal of Florida, First District.
March 2, 1984.
Rehearing Denied April 4, 1984.
*348 Christine Rieger Milton of Mahoney, Hadlow & Adams, Jacksonville, for appellants.
William M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellees.
SMITH, Judge.
The Crosbys appeal from the trial court's order directing a remittitur of $105,000.00 of the $350,000.00 in damages awarded by the jury to Robert Crosby and $20,000 of the $50,000.00 awarded his wife, Bernice, or, if they do not agree to the remittitur, granting defendants' motion for a new trial. Appellees cross-appeal the trial court's denial of their motion for continuance. We strike that portion of the order directing the remittitur, find no abuse of discretion in the granting of a new trial, and, in light of our affirmance of the new trial order, see no need to address appellees' contention on cross-appeal.
The gravamen of this appeal is the extent of the damages suffered by Robert L. Crosby on December 14, 1979, when the vehicle he was operating was struck from the rear by a truck being operated by Benjamin Johnson, an employee of Fleming & Sons, Inc. He claimed $9,100.00 for past medical bills, $1,000.00 for future medical tests, $43,691.36 for past lost wages, $160,300.77 for future lost wages, and $150,562.50 for pain and suffering, the sum total being $364,654.63. His wife, too, sought $50,000.00 for loss of consortium. The trial was had before a jury, which awarded Robert $350,000.00 and his spouse $50,000.00. Liability, although disputed in the trial court, is not contested by appellees in this appeal.
The genesis of the events leading to the new trial occurred on July 2, 1982, or ten days before the trial's commencement, when appellees took a deposition of Robert Crosby's primary treating physician, Dr. Hocker, in an effort to further prepare for trial. Later that day, they moved for a continuance based upon the unexpected testimony of the doctor to the effect that Crosby's condition had worsened and that further tests, such as a myelogram, and possibly further surgical procedures would be required. The motion came up for hearing the morning of the trial and was denied; however, the trial court ruled that Dr. Hocker would not be permitted to speculate as to what further tests might show or what further procedures might be required.
On direct examination, and despite appellees' counsel's repeated objections and the trial court's repeated admonitions to the doctor to confine his opinion to his previous examinations and diagnostic tests, Dr. Hocker engaged in continued speculation, couched in terms of possibilities, not probabilities, as to what Crosby's future condition and medical needs might be. For example, when asked when he last saw Crosby, Hocker non-responsively answered in part: "I think he has a problem in his lower back there. I certainly hope that it is not a disc rupture, or something causing a nerve root problem underneath the part that I fused... ." On another occasion, when discussing a refusion of Crosby's spine Dr. Hocker opined what a "terrible operation" a refusion would be and even ventured that he had recently done one that was "an awful operation."
The Crosbys now contend that the new trial order is erroneous because the trial court failed to set forth factual findings justifying the grant of new trial and because the statements set forth in the trial court's order, such as those previously mentioned, were merely cumulative of other testimony admitted without objection. They misconceive, however, the appropriate *349 standard for appellate review of an order granting a new trial:
We have stated and restated the appropriate standard for district courts upon review of a trial court's motion granting a new trial. The test is whether the trial court abused its "broad discretion." If reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion.
Ford Motor Company v. Kikis, 401 So.2d 1341, 1342 (Fla. 1981). And while the trial court must give express reasons justifying its order, Wackenhut v. Canty, 359 So.2d 430 (Fla. 1978), we find that the reasons advanced by the trial judge are sufficient, both legally and factually, to justify the order granting a new trial. The order itself sets forth in sufficient detail Dr. Hocker's voluntary, speculative, and non-responsive answers, all given in spite of the trial court's express admonition that Hocker confine himself to his actual findings. Indeed, Dr. Hocker's opinion as to Crosby's future difficulties was merely couched in terms of "possibilities," which are simply not probative of his future damages. See Florida Standard Jury Instructions (Civil) 6.1(b) and (c). Therefore, in view of the trial judge's "direct and superior vantage point," Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980), we can find no abuse of discretion in the finding of prejudice and the resultant new trial order.
We do, however, find that the remittitur was erroneously ordered. Liability is not now contested, and the record contains substantial competent evidence of Robert Crosby's past and future medical expenses and past and future wage loss. Further, in view of the not insubstantial evidence as to the extent and kind of Robert Crosby's various injuries and surgical interventions and the impact of his past and present condition upon the parties' marital relationship, we do not find the awards of loss of consortium and pain and suffering to be so grossly excessive as to shock the judicial conscience.
Accordingly, the trial court's order is affirmed, but for the reasons stated, and this case is remanded for further proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.