583 So.2d 1095 (1991)
Nanjunda SWAMY, M.D., et al., Appellants,
v.
Judith HODGES, Appellee.
Nos. 90-1769, 90-2242, 90-2854.
District Court of Appeal of Florida, First District.
July 29, 1991.
Rehearing Denied August 28, 1991.
*1096 George V. Lanza, Coral Gables, for appellants.
Walter C. Ward of Ward & Caggiano, P.A., Miami, for appellee.
WOLF, Judge.
Dr. Swamy filed three separate appeals which have been consolidated, all arising out of a malpractice judgment rendered against the doctor. There is also a cross appeal by Ms. Hodges in which she alleges that the trial court's denial of a motion to set aside that portion of the jury verdict which found her to be comparatively negligent was error. We affirm on all issues raised by the appellant and will discuss the issue of the trial court's refusal to grant a setoff of future social security benefits. We reverse the issue raised on cross appeal finding that there was insufficient evidence to support a finding of comparative negligence.
Dr. Swamy was the physician who performed surgery on Judith Hodges. The surgical procedure was a laparotomy. Dr. Swamy testified that during the surgery, he discovered several large tumors pressing against the mesentery artery, and he believed that condition to be life threatening. To alleviate the condition, Dr. Swamy removed the tumors as well as a section of Ms. Hodges' small bowel. After surgery, Ms. Hodges developed small bowel syndrome, which is a condition caused when there is insufficient remaining intestine to absorb nutrients to maintain nutrition. As a result, Ms. Hodges must undergo continuous intravenous feeding for the rest of her life. There is conflicting medical opinion concerning whether Dr. Swamy inadequately advised Ms. Hodges prior to surgery, whether Dr. Swamy's decision to remove the small bowel was incorrect, and whether this treatment fell below the acceptable medical standard.[1] There was also conflicting testimony concerning whether the removal of the bowel resulted in Ms. Hodges' subsequent problems.
After surgery, Ms. Hodges consulted with Dr. Swamy who testified both that he told her that she may have to undergo additional treatment and that she probably would have to undergo additional treatment. Ms. Hodges later went to Shands Hospital for treatment. There is no indication in the record that the doctor ever told Ms. Hodges that there was a definite need for treatment or when treatment would have to be initiated. There is also no testimony that Ms. Hodges' failure to seek treatment resulted in her present problems.
During post-trial proceedings, Dr. Swamy moved for setoffs against the judgment based upon certain collateral source payments and past and future social security benefits. The trial judge allowed a setoff for social security benefits already paid. Appellee objected, however, to setoffs for future social security benefits relying on interpretations of former section 768.50, Florida Statutes (1981) The judge denied setoffs as to these payments.
In Stanley v. United States Fidelity & Guar. Co., 425 So.2d 608, reversed on other grounds, 452 So.2d 514 (Fla. 1984), this court stated that future benefits were excluded from collateral source setoff requirements pursuant to section 768.50, Florida Statutes. While this statutory section has been amended and transferred to *1097 section 768.76, Florida Statutes (1986), the pertinent statutory language remains unchanged. We, therefore, affirm the trial judge's refusal to setoff future social security benefits.
In order to prove comparative negligence, Dr. Swamy had to show that Ms. Hodges had a duty, that the duty was breached, and that such breach was the proximate cause of the damage of which the plaintiff complains. There was no evidence presented of a duty owed by Judith Hodges to seek further care following the surgery. Dr. Swamy's testimony that he told Ms. Hodges that she may have to have additional treatment did not establish a duty on Ms. Hodges' part to seek further medical treatment. In fact, Ms. Hodges did seek further medical treatment, and the doctors that later treated her testified that they did not believe Ms. Hodges had been negligent in any way. Furthermore, there was no testimony or evidence in the record that indicated a failure to seek any further medical advice was the proximate cause of the appellants' damages. Since there is no sufficient evidence of a duty on Ms. Hodges' part, or that the breach of any such duty caused Ms. Hodges' injury, we reverse the portion of the judgment which found Ms. Hodges to be comparatively negligent, and instruct that this portion of the verdict be set aside. See Whitehead v. Linkous, 404 So.2d 377 (Fla. 1st DCA 1981).
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] In light of the conflicting testimony, appellants' challenge on the basis of sufficiency of evidence had to be rejected.