624 So.2d 1148 (1993)
Jeffrey James WHITE, Appellant,
v.
George WESTLUND and Delores Westlund, His Wife, Appellees.
No. 92-2314.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Rehearing Denied October 29, 1993.
*1149 Michael B. Davis of Paxton, Crow, Bragg, Smith & Keyser P.A., West Palm Beach, for appellant.
Dewey H. Varner and Allen R. Seaman of Varner Stafford Cole & Seaman, Lake Worth, for appellees.
*1150 PER CURIAM.
Jeffrey James White, the defendant in the trial court, appeals a final judgment entered on a jury verdict in favor of George and Delores Westlund arising out of an automobile accident. We affirm.

EVIDENCE OF FUTURE MEDICAL CARE
White contends the trial court erroneously allowed expert testimony regarding the need for the following future operative procedures that may be required by George Westlund: (1) ankle fusion; (2) knee replacement; and (3) leg amputation. White maintains such testimony should have been stricken because it was not expressed in terms of a reasonable certainty.
Specifically, White takes the position that, unless an expert can testify that the need for a future operative procedure is reasonably certain, that testimony is inadmissible. In support, White cites a line of decisions holding that expert testimony which is couched in terms of a "possibility" that the plaintiff will need future surgery should not have been admitted at trial because such testimony is speculative and therefore not probative of future damages. See Gup v. Cook, 549 So.2d 1081, 1084-85 (Fla. 1st DCA 1989) (doctor's testimony that victim may incur future medical expenses speculative and therefore not probative of victim's future damages), quashed on other grounds, 585 So.2d 926 (Fla. 1991); 3-M Corp.-McGhan Medical Reports Div. v. Brown, 475 So.2d 994, 998 (Fla. 1st DCA 1985) (doctor's testimony regarding the "possibility" of a future mastectomy erroneously admitted and not harmless); Crosby v. Fleming & Sons, Inc., 447 So.2d 347, 349 (Fla. 1st DCA 1984) (affirming trial court's grant of new trial where plaintiff's primary treating physician rendered an opinion as to plaintiff's need for future medical care that was "merely couched in terms of `possibilities,' which are simply not probative of his future damages."). In response, the Westlunds contend there is no requirement that each opinion on future medical procedures be expressed in terms of "reasonable medical certainty."
Long ago, our supreme court established that only those future medical expenses "reasonably certain" to be incurred are recoverable as damages in a personal injury action. Loftin v. Wilson, 67 So.2d 185, 188 (Fla. 1953). This standard is reflected in Florida Standard Jury Instructions (Civil) 6.1(a) and 6.2(c).[1] From this, it follows that a recovery of future medical expenses cannot be grounded on the mere "possibility" that certain treatment "might" be obtained in the future. See 2 Damages in Tort Actions § 9.55[1], at 9-45 (1986).
As noted above, several decisions out of the first district lean toward the view that testimony from an expert that future surgery is "possible" or "might" be required is inadmissible because it is merely speculation and thus not probative of future damages. Gup; 3-M Corp.; Crosby. However, a close examination of those cases indicates that the court's primary concern was that there was no other evidence from which a jury could infer that the need for such procedure was reasonably certain.
Other Florida courts, including the supreme court and this court, have held generally that, where there is sufficient evidence from which a jury could infer a need for future medical treatment with reasonable certainty, an award of future medical expenses *1151 is proper. See Sullivan v. Price, 386 So.2d 241, 244 (Fla. 1980) (instruction on future damages appropriate, despite absence of expert medical testimony, where there was uncontradicted evidence of the nature of plaintiff's injury, its duration, and lack of recovery at trial, so that the jury could conclude with reasonable certainty that the consequences of the injury would continue in the future); Chess v. Wright, 602 So.2d 673, 673-74 (Fla. 4th DCA 1992) (where doctors phrased testimony in terms of "Probably so," "I think that," and "it's very likely that" plaintiff's delay in seeking surgery contributed to her subsequent condition, such testimony was sufficient to create a jury question as to plaintiff's comparative negligence); DeAlmeida v. Graham, 524 So.2d 666, 668 (Fla. 4th DCA) (although no direct evidence on claim for future medical care, where radiologist testified adhesions are permanent, evidence was sufficient from which jury could infer need for such care), rev. denied, 519 So.2d 988 (Fla. 1987); National Car Rental Sys., Inc. v. Holland, 269 So.2d 407, 411 (Fla. 4th DCA 1972) (same where treating physician testified, in his opinion, plaintiff would need care for remainder of his life), rev. denied, 273 So.2d 768 (Fla. 1973).
In Vitt v. Ryder Truck Rentals, Inc., 340 So.2d 962 (Fla. 3d DCA 1976) the third district rejected a contention that, in order to be admissible, medical testimony concerning the need for future operative procedures must be shown within a reasonable medical certainty. The court upheld the admission of testimony by two doctors concerning possible future surgery on the grounds that, although the probative value of such evidence is not great, it should still go to the jury to aid in placing a dollar figure on the plaintiff's condition. See also A Quest for Reasonable Medical Certainty in Florida, 30 Fla.B.J. 327 (even though future damages ultimately must be proven to a reasonable certainty, "this does not mean that every link in the chain of evidence must be so proven. Medical evidence is but an aid to the trier of fact; it may be only one factor to be considered  only one link in the chain  in determining the ultimate questions involved... .").
Implicit in the authorities recited above is the view that whatever qualification is placed on the opinion by the expert (i.e., surgery is possible or likely) goes to the weight of the opinion, and not its admissibility. Therefore, we agree that a medical expert may testify that future medical procedures are "possible" or "likely," and need not phrase an opinion in terms of such surgery or treatment being "reasonably necessary." See Vitt v. Ryder Truck Rentals, Inc., Consistent with instructions 6.1(a) and 6.2(c), whether the plaintiff has satisfied his burden of proving that such future operative procedures are reasonably necessary is an issue for the jury to decide so long as there is competent evidence upon which the issue may be submitted to the jury. Therefore, we find no error here in the admission of the evidence in question.

EVIDENCE ON LIABILITY ISSUE
Next, White seeks reversal on the grounds that the trial court erred in admitting evidence regarding the circumstances surrounding the accident that caused Mr. Westlund's injuries; in particular, he cites evidence that he was driving in reverse, at a high rate of speed, in a residential neighborhood, when he struck Westlund. He claims that, because he admitted liability, this evidence was logically irrelevant and highly prejudicial.[2]
Whether evidence is logically relevant is controlled by section 90.401, Florida Statutes (1991), which states, "Relevant evidence is evidence tending to prove or disprove a material fact." All relevant evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, or unless otherwise excluded by law. §§ 90.402, 90.403. Moreover, trial courts exercise broad discretion in matters relating to the admissibility of relevant evidence, and where a court has weighed probative value against prejudicial impact before *1152 reaching its decision to admit or exclude evidence, that ruling will not be overturned absent a clear abuse of discretion. Trees v. K-Mart Corp., 467 So.2d 401, 403 (Fla. 4th DCA), rev. denied, 479 So.2d 119 (Fla. 1985).
In most instances, evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context. But because trial judges are bound to apply the rules of admissibility set forth above, the extent of information that may be received in evidence will vary depending upon the circumstances of each case. Here, Westlund testified he has nightmares about the accident once a week, in which he "could see the car coming at [him]," and he testified he is now terrified of driving or even riding as a passenger in a car. Since Westlund's claim for damages for mental anguish rests at least in part on his recurring nightmares about the accident, the bizarre nature of how that accident occurred  being struck by an automobile driven in reverse at a high rate of speed  was relevant to prove, and probative of, the degree of his suffering and damages. The trial court carefully weighed these considerations, and we conclude no abuse of discretion has been shown in admitting this testimony.

COLLATERAL SOURCE SETOFF
Finally, appellant challenges the trial court's refusal to award a setoff for future disability (collateral source) benefits against the jury's verdict. He claims he was entitled to such a setoff pursuant to section 768.76, Florida Statutes (1987). Appellees respond in the alternative that: (1) section 627.7372, Florida Statutes, not section 768.76, governs the admissibility of collateral sources in automobile accident cases; and (2) even if section 768.76 is the proper section, that section does not provide for a setoff for future collateral source benefits.
Section 768.76(1) provides:

In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he is receiving as a result of his injury. [e.s.]
And section 627.7372(1) reads:

In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source. [e.s.]
Section 768.76 is contained in Part III of Chapter 768, which governs damages in negligence actions. Section 768.71, states that, "[e]xcept as otherwise specifically provided, this part applies to any action for damages, whether in tort or in contract." (emphasis added). Section 768.76, titled "Collateral sources of indemnity," provides that it applies to any action "to which this part applies."
Section 627.7372, on the other hand, is also entitled "Collateral sources of indemnity," and it specifies that, "[i]n any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle,... ." (emphasis supplied). Because section 627.7372 is "specifically" directed at tort actions involving motor vehicles, the "except as otherwise specifically provided" language of section 768.71 is triggered, rendering section 627.7372 the more appropriate in automobile accident cases.
This conclusion is supported by Florida Standard Jury Instructions (Civil) 6.13 and *1153 the committee notes contained therein. Under 6.13, separate jury instructions are established for tort actions generally (6.13), and for actions involving motor vehicles in particular (6.13b), both of which are modeled after sections 768.76 and 627.7372, respectively. The committee notes that follow explain that "6.13b not 6.13a should be given in all cases involving actions for personal injury or wrongful death arising out of the ownership, operation, use or maintenance of a motor vehicle.... In all other cases, reduction for collateral source payments should be made ... pursuant to § 768.76, ... and 6.13a." (emphasis added). Thus, if the jury is to be given instruction 6.13b in automobile accident cases, which is patterned after section 627.7372 (not section 768.76), it follows that the former section, not the latter, applies here.
The plain language of section 627.7372 speaks in terms of collateral source benefits already obtained: "the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant." (emphasis added). Thus, it necessarily follows that this section was not intended to permit a setoff for future collateral sources. In fact, this court has held as much. See Jeep Corp. v. Walker, 528 So.2d 1203, 1206 (Fla. 4th DCA 1988) (finding error in the trial court's setoff for future benefits, and citing section 627.7372 for the proposition that only past benefits can be set off against an award in that case). Therefore, the trial court did not err in refusing to deduct future benefits from the jury's award.
Even assuming section 768.76 applied, as noted, that section provides that "the court shall reduce the amount of any award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources." (emphasis added). Appellant interprets the language of the underscored portion to mean that this section applies to "those benefits not yet paid but payable in the future."
However, the portion of section 768.76 quoted above indicates that, in order to have collateral source benefits set off against an award, those benefits must either be already paid ("amounts which have been paid") or presently earned and currently due and owing ("otherwise available to him"). In fact, the term "available" means "Accessible for use: at hand,"[3] connoting a present, rather than a future, application. And, furthermore, the term "collateral source" is defined in subsection (2) as those payments "made" to the claimant; nowhere does that definition include payments that may be made in the future. Hence, it follows that appellant's interpretation of this section as applying to both past and future benefits is strained.
Finally, and perhaps most importantly, Florida courts interpreting this section, as well as its predecessor [section 768.50], have implicitly, if not expressly, held that future earned disability benefits cannot be set off from an award as a collateral source under section 768.76. See Florida Physician's Ins. Reciprocal v. Stanley, 452 So.2d 514, 515-16 (Fla. 1984) (jury may consider future unearned benefits, but not those earned by the plaintiff); Swamy v. Hodges, 583 So.2d 1095, 1096-97 (Fla. 1st DCA) (affirming trial court's refusal to set off future social security benefits), rev. denied, 593 So.2d 1053 (Fla. 1991); Measom v. Rainbow Connection Preschool, Inc., 568 So.2d 123 (Fla. 5th DCA 1990) (interpreting § 768.76 to bar setoff of collateral source benefits by reasoning that "[c]ollateral source benefits are not `otherwise available' ... if such benefits are dependent upon future employment. The statute does not purport to benefit the tortfeasor by deducting collateral sources for which the insured may be entitled in the future."); see also Watch Out! Florida's New Collateral Source Rule, 64 Fla.B.J. 25, 26 (Dec. 1990). White concedes, as he did below, that the future disability payments in this case would be barred under this case law.
Based on the foregoing analysis, we affirm.
DELL, C.J., and ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] 6.1(a) and 6.2(c) provide:

You should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him for such [loss] [injury] [or] [damage], including any such damage as (claimant) is reasonably certain [e.s.] to [incur] [experience] in the future. You shall consider the following elements:
* * * * * *
Medical expenses: The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) [for his wife] in the past [or to be so obtained in the future].
[2] Notably, the trial court excluded some evidence of liability on this basis, namely, that White threw a beer can out the window.
[3] Webster's II New Riverside University Dictionary 141 (1984).