679 So.2d 296 (1996)
William KOKOTIS and Antonia Despina Kokotis, Appellants,
v.
Frank J. DeMARCO, Appellee.
No. 95-2156.
District Court of Appeal of Florida, Fifth District.
August 2, 1996.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellants.
Benjamin Y. Saxon and Raymonda A. Chakhtoura of Benjamin Y. Saxon, P.A., Melbourne, for Appellee.
HARRIS, Judge.
In this case, we are faced with an issue similar to, albeit separate from, that considered by the supreme court in Hannah v. Newkirk, 675 So.2d 112 (1996). The question before us is whether PIP benefits payable upon future claims must be reduced from the jury award for future medical expenses.
*297 While driving her father's vehicle, Antonia Despina Kokotis collided with a vehicle being driven by Frank J. DeMarco, causing minor injuries. The jury found Kokotis to be negligent and, although it found that DeMarco suffered no permanent injuries, it awarded him $670 for past medical bills and $10,000 for future medical expenses expected over the next forty-two years. The parties agree that the paid PIP benefits were properly set off against the past medical expenses. Here we are dealing only with the remaining balance of PIP benefits which will be available in the future as additional medical expenses are incurred.
In analyzing this dispute, we should start with the proposition that a tortfeasor is responsible for all damages caused by his or her negligence unless relieved by statute. We are urged by the parties that there are two statutes that may apply to this case section 627.7372, Florida Statutes (1991), and section 627.737, Florida Statutes (1991).
The parties' primary dispute is which statute is controlling in this case. DeMarco urges that section 627.7372, the collateral source setoff statute which was in effect at the time of the accident, should control. Kokotis, on the other hand, contends that the case is controlled by section 627.737, Florida Statutes (1991), the tort exemption statute.
Section 627.736(3) provides that an injured party shall have no right to recover any damages for which PIP benefits are "paid or payable." Since DeMarco had PIP benefits which were and are available to cover his medical expenses associated with this injury, then to the extent of such coverage, he may not collect such damages from Kokotis. We find that "payable" as used in this statute includes expenses which have not yet accrued but which will result from the covered injury. The cases DeMarco cites which relate to collateral source allocations simply do not apply to this case.
Hannah v. Newkirk, 675 So.2d 112 (Fla. 1996), holds that an injured party may not seek recovery of his PIP deductible from the tortfeasor even though such party is uninsured as to that amount. It would be inconsistent to hold that such party may nevertheless collect future expenses, covered but not yet suffered or paid for, from the tortfeasor. This would permit double recovery for these expensesa result the statute neither contemplates nor authorizes.
REVERSED AND REMANDED for further action consistent with this opinion.
PETERSON, C.J., and ANTOON, JJ., concur.