706 So.2d 389 (1998)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Bonita H. RUDNICK, Appellee.
Nos. 96-4065, 97-1448.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
*390 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Joe Hankin and Lawrence J. Signori of Law Offices of Lawrence J. Signori, West Palm Beach, for appellant.
Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee.
GROSS, Judge.
Allstate Insurance Company appeals the trial court's refusal to offset personal injury protection (PIP) and medical payments (medpay) coverage against a jury verdict awarding past and future medical expenses. Because the requested offsets did not represent benefits already paid or actually incurred and owed at the time of trial, we affirm.
Bonita Rudnick was injured in an automobile accident. Crystal Canada was the driver of the other car. Canada's insurer settled with Rudnick for the policy limit of $10,000. Rudnick sued Allstate, her underinsured motorist carrier. The parties stipulated that all offsets, including collateral source benefits, would be handled after trial. The jury awarded Rudnick $21,500 in past and future medical benefits. From this amount, the trial judge subtracted the $10,000 received from Canada's insurer and entered a final judgment for $11,500. From her own policy, Rudnick had $10,000 in PIP coverage and $5,000 in medpay coverage remaining at the time of trial. Allstate argues that the trial court erred by refusing to set these amounts off against the verdict.
In support of its argument, Allstate cites to sections 627.727(1), 627.736(3), and 768.76(1), Florida Statutes (1993). Section 627.727(1), provides that uninsured and underinsured vehicle coverage
shall not duplicate, the benefits available to an insured under ... personal injury protection benefits ... and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section.
(Emphasis supplied). Section 627.736(3), dealing with PIP benefits, states that an insured who is entitled to bring suit
shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable.
(Emphasis supplied). Finally, section 768.76(1), pertaining to collateral sources of indemnity, contains the following
In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources.
(Emphasis supplied).
The issue presented is whether, at the time of trial, the $15,000 coverage for future PIP and medpay claims was "available" or "paid or payable" within the meaning of these statutes. Previous decisions of this court construing sections 627.736(3) and 768.76(1), compel the conclusion that Allstate was not entitled to a set-off in this case.
In White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993), this court concluded that benefits "otherwise available" under section 768.76(1), did not include benefits potentially payable in the future. Rather, we ruled that
in order to have collateral source benefits set off against an award, those benefits must either be already paid ("amounts *391 which have been paid") or presently earned and currently due and owing ("otherwise available to him").
Id. at 1153. Recently, in Pizzarelli v. Rollins, 704 So.2d 630 (Fla. 4th DCA 1997), this court held that a benefit was "payable" under section 627.736(3), if it related to a medical bill which the plaintiff incurred before trial but which had not been processed by the PIP carrier at the time the offset was sought. We concluded in Pizzarelli that this interpretation of "payable"
would be in keeping with our interpretation of "available" in White. It would also be in keeping with the definition of "payable" as "capable of being paid; suitable to be paid ... justly due." Black's Law Dictionary, 1128 (6th ed.1990). Indeed, there is nothing in the everyday usage of "payable" that would require its application to future expenses and benefits rather than accrued benefits not yet paid.
Id. Nothing in the language of section 627.727(1), requires that the term "available" be accorded any different meaning than we gave to the same word in White, even though that case involved a different statute.
As we did in Pizzarelli, we certify conflict with Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), review denied, 689 So.2d 1068 (Fla.1997).
Regarding the remaining portion of Allstate's claimed set-off, we find that the record is insufficient to reverse the trial court's ruling.
The final judgment is affirmed.
STONE, C.J., and DAKAN, STEPHEN L., Associate Judge, concur.