ALLEN, J.
The appellant challenges an order by which the trial court reduced a jury award by deducting collateral source benefits under a policy of motor vehicle insurance. We conclude that this reduction, which encompasses benefits relating to future damages, was properly made pursuant to section 768.76(1), Fla. Stat.
The appellant obtained a jury verdict as the plaintiff in a negligence action for damages in connection with an automobile accident. The verdict included an assessment for past and future damages, and the parties submitted a post-verdict issue to the court regarding the extent to which a collateral source reduction should be made for benefits under the appellant’s insurance policy. The appellant acknowledged below that a reduction should be made for her personal injury protection (PIP) benefits, but maintained that a reduction should not be made for her supplemental medical payment benefits, at least as to future medical expenses.
In reiterating this argument the appellant relies on section 627.736(3), Fla. Stat., which limits recovery with regard to damages for which PIP benefits are paid or payable. However, the present dispute does not involve PIP benefits, and is instead addressed to supplemental medical benefits above the PIP coverage required in section 627.736. The only question raised below which is now properly presented for consideration in this court is whether these supplemental benefits warrant a reduction of the award for future damages. The controlling statute is thus section 768.76, which generally provides for a reduction of the award of damages in negligence actions when there are collateral sources of indemnity. Indeed, the application of section 768.76 in this context is confirmed by the express reference therein at subsection (2)(a)2, which identifies the collateral sources within the statute as including payments pursuant to automobile accident insurance.
Section 768.76(1) provides that, when damages are awarded and there are collateral sources of indemnity,
... the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources_
Insofar as no collateral source payment has yet been made for the appellant’s future damages, the issue here must be resolved by a determination as to whether the appellant’s supplemental medical payment benefits are “otherwise available” so as to invoke the statutory reduction.
Although section 627.736 does not apply in this context, other courts have addressed an analogous dispute under that statute, and have espoused conflicting views as to whether the PIP limitation relates to future damages. Compare Pizzarelli v. Rollins, 704 So.2d 630 (Fla. 4th DCA 1997), rev. granted, No. 92,080, — So.2d — (Fla.1998), with Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), rev. denied, 689 So.2d 1068 (Fla.1997); see also Allstate Ins. Co. v. Rudnick, 706 So.2d 389 (Fla. 4th DCA 1998); Enriquez v. Clark, 692 So.2d 941 (Fla. 5th DCA 1997). And while section 627.736 uses different language, predicating the PIP limitation on benefits “paid or payable” rather than paid or otherwise available, in Pizzarelli and Rudnick the fourth district nevertheless suggested that, in accordance with its earlier discussion in White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993), it would view the “oth *1239 erwise available” language in section 768.76(1) in the same way to thereby preclude a reduction in connection with future damages. But in Kokotis the fifth district approved a PIP limitation in connection with future damages, and suggested that the contrary approach would allow an unauthorized double recovery.
We have likewise emphasized that the apparent legislative purpose of such statutes is to avoid a duplication of benefits. See Pate v. Renfroe, 715 So.2d 1094 (Fla. 1st DCA 1998). Furthermore, we view the “otherwise available” language in section 768.76(1) as somewhat broader than the “paid or payable” language in section 627.736(3). Given this language, and in light of the apparent statutory objective of precluding an award which duplicates the collateral source benefits which may be obtained, we conclude that the section 768.76(1) reduction in the present case was properly made against future damages. Accordingly, the order under review is affirmed.
WEBSTER and LAWRENCE, JJ., Concur.