761 So.2d 289 (2000)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Bonita H. RUDNICK, Respondent.
No. SC92605.
Supreme Court of Florida.
May 4, 2000.
*290 Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, Florida; and Lawrence J. Signori, West Palm Beach, Florida, for Petitioner.
Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A.; and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, Florida, for Respondent.
PER CURIAM.
We have for review Allstate Insurance Co. v. Rudnick, 706 So.2d 389 (Fla. 4th DCA 1998), in which the Fourth District certified conflict with the decision in Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), review denied, 689 So.2d 1068 (Fla.1997), on the issue of the definition of the term "payable" found in section 627.736(3), Florida Statutes (1993). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Bonita Rudnick was injured in an automobile accident and recovered damages that included future medical benefits. She settled with the driver of the other car for the policy limits of $10,000 and then sued Allstate, her underinsured motorist carrier. The parties stipulated that all offsets would be handled after trial. Although the trial court subtracted the $10,000 recovered from the tortfeasor's insurer, the trial court refused Allstate's request to set off the remaining future medical payments benefits (medpay) and personal injury protection (PIP) benefits from the verdict.
Allstate appealed and the Fourth District affirmed the trial court's decision. See Rudnick, 706 So.2d at 391. The Fourth District held that because the requested setoffs did not represent benefits already paid or actually incurred and owed at the time of trial, the trial court did not err in refusing to set off the remaining personal injury protection benefits and medpay benefits against the verdict. See id.
In Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000), we held that under section 627.736(3), Florida Statutes (1991), an award for future medical damages should not be reduced by the amount of a plaintiff's remaining PIP benefits. Based on Rollins, we therefore approve the Fourth District's decision in Rudnick on this issue.
The Fourth District's opinion also held that the plaintiff's remaining medpay benefits could not be set off against damages for future medical expenses that have not yet been incurred. See Rudnick, 706 So.2d at 391. This portion of the district court's opinion conflicts with the opinion of the First District in King v. Burch, 724 So.2d 1237, 1238 (Fla. 1st DCA 1999), over the interpretation given to the term "otherwise available" in section 768.76(1), Florida Statutes (1993), the general collateral source statute. Specifically, the district courts are in conflict on the question of whether under section 768.76(1) remaining *291 medpay benefits must be set off from the jury's verdict for future medical expenses. Compare Rudnick, 706 So.2d at 390-91, and White v. Westlund, 624 So.2d 1148, 1150 (Fla. 4th DCA 1993), with King, 724 So.2d at 1238. Because we have jurisdiction in this case on the basis of a certified conflict, we have the discretion to address this issue. See PK Ventures, Inc. v. Raymond James & Assocs., Inc., 690 So.2d 1296, 1297 n. 2 (Fla.1997).[1]
Allstate first maintains that the future medpay benefits are the equivalent of PIP benefits for section 627.736(3) purposes, and therefore must be set off from the verdict as "payable." Because we have determined in Rollins that the term "payable" does not include all remaining PIP benefits that are not currently payable, this argument is unavailing.
However, even if we were to read "payable" more expansively, we would conclude that medpay benefits should not be treated as PIP benefits. In rejecting Allstate's argument, we need look no further than the actual language of section 627.736(3), which is limited by its express terms to "personal injury protection benefits." Further, while PIP is a statutorily required coverage, see section 627.736(1), medpay coverage is optional. See § 627.736(4)(f), Fla. Stat. (1993)[2]; State Farm Mut. Auto. Ins. Co. v. Swearingen, 590 So.2d 506, 508 (Fla. 4th DCA 1991).
In State Farm Mutual Automobile Insurance Co. v. Klinglesmith, 717 So.2d 569, 570 (Fla. 5th DCA 1998), the Fifth District addressed this precise issue:
The basis for State Farm's equating medpay benefits with PIP benefits, section 627.736(4)(f), actually demonstrates that medpay benefits are a collateral source. That statute provides that if PIP medical benefits have paid 80 percent of an insured's medical expenses, see section 627.736(1)(a), medpay benefits, "if available in a policy of motor vehicle insurance," must be applied to the remaining 20 percent even if PIP benefits have not been exhausted. Thus, if an insured opts to purchase medpay benefits to supplement the PIP coverage, the statute requires that collateral source to be applied first, rather than other medical insurance the insured may have.
(Citations omitted.) We agree with the Fifth District's reasoning on this issue.
We thus conclude that medpay benefits are not the equivalent of PIP benefits for purposes of section 627.736(3). Rather, medpay benefits are a collateral source to which the general collateral source statute is applicable. See Klinglesmith, 717 So.2d at 570.[3]
Allstate alternatively argues that the remaining medpay benefits must be set off from the verdict because they were available within the meaning of section 768.76(1), the general collateral source *292 statute. Section 768.76(1)[4] requires the court to reduce the amount of the plaintiff's award by the total of all amounts "which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists."
In King, the First District Court interpreted the "otherwise available" language of section 768.76(1) to mean that those medpay benefits remaining at the time of judgment should be set off against a verdict for future medical damages. King, 724 So.2d at 1238. In contrast, the Fourth District in White, interpreted the phrase "otherwise available" in section 768.76(1) to include only those benefits that have already been paid or that are presently due and owing and not those benefits potentially payable in the future:
[This language] indicates that, in order to have collateral source benefits set off against an award, those benefits must either be already paid ("amounts which have been paid") or presently earned and currently due and owing ("otherwise available to him"). In fact, the term "available" means "Accessible for use: at hand," connoting a present, rather than a future, application. And, furthermore, the term "collateral source" is defined in subsection (2) as those payments "made" to the claimant; nowhere does that definition include payments that may be made in the future. Hence, it follows that appellant's interpretation of this section as applying to both past and future benefits is strained.
White, 624 So.2d at 1153 (some emphasis supplied) (footnote omitted).
We recognize that the First District's and the Fourth District's differing interpretations of the term "available" are both reasonable, rendering the statute ambiguous. See Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992). However, we find that the Fourth District's interpretation is more consistent with well-accepted principles of statutory construction.
When a statute fails to define a term, courts may resort to a dictionary definition to determine the "plain and ordinary meaning" of the statutory language. Green v. State, 604 So.2d 471, 473 (Fla. 1992). A dictionary defines "available" as "present or ready for immediate use" and "accessible, obtainable." Webster's New Collegiate Dictionary 79 (10th ed.1996). As the Fourth District reasoned, the use of the word "available" strongly suggests that the Legislature only intended to set off those benefits that have already been paid or that are presently due and owing.
Although the term "available" is not defined by statute, the Legislature did define "collateral sources" in the very next subsection as "any payments made to the claimant." § 768.76(2)(a) (emphasis supplied). These sections should be read together because they are closely related. See Forsythe, 604 So.2d at 455; see also WFTV, Inc. v. Wilken, 675 So.2d 674, 678 (Fla. 4th DCA 1996) (stating that the same meaning should be given to the same term within subsections of a statute). The definition of collateral sources found in subsection *293 (2) reinforces the conclusion that by using the term "available," the Legislature did not intend to allow a collateral source setoff for future potential benefits. Instead, the setoff should only be for "payments made."
We find additional support for a more narrow construction of the term "available" in the legislative history of the statute. See Magaw v. State, 537 So.2d 564, 566 (Fla.1989) (examining legislative history to provide guidance in determining legislative intent of ambiguous statute); cf. Hawkins v. Ford Motor Co., 748 So.2d 993 (Fla.1999) (examining legislative history to support plain meaning given to statutory language). Prior to 1993, setoff of collateral sources in automobile accident cases was governed by section 627.7372, entitled "[c]ollateral sources of indemnity." § 627.7372, Fla. Stat. (1991). That statute specifically provided that "collateral sources paid to the claimant" shall be admitted into evidence and that the jury shall deduct the value of all benefits "received by the claimant from any collateral source." § 627.7372(1). There is no question that this statute contemplated that only collateral benefits received by the plaintiff should be offset. See Klinglesmith, 717 So.2d at 570. In repealing this statute, the Legislature did not express any intent to increase the amount of the setoff from "benefits received" to all benefits that might be received in the future. See generally Fla. H.R. Comm. on Judiciary, CS for HB 975 (1993) Staff Analysis 1-3 (Feb. 23, 1993) (on file with comm.).
Lastly, this construction is consistent with the canon of statutory construction providing that courts must narrowly construe statutes altering common-law principles. As we recently explained in Rollins:
[S]tatutory provisions altering common-law principles must be narrowly construed. See Ady v. American Honda Fin. Corp., 675 So.2d 577, 581 (Fla. 1996). Both PIP benefits and medpay benefits are collateral sources, that is, first-party benefits for which the insured has paid a separate premium. The common-law rule prohibited both the introduction of evidence of collateral insurance benefits received, and the setoff of any collateral source benefits from the damage award. See Gormley v. GTE Prods. Corp., 587 So.2d 455, 457-59 (Fla. 1991). As an alteration of the common law, the statutory provisions that allow the introduction into evidence and setoff of collateral insurance benefits must be narrowly construed.
Rollins, 761 So.2d at 300.
Based on the foregoing, we agree with the Fourth District's interpretation that the term "available" within the meaning of section 768.76(1) includes only those benefits that have already been paid or that are presently due and owing, rather than those benefits potentially payable in the future. We conclude that the trial court was correct in refusing to set off the remaining medpay benefits against the verdict. Accordingly, we approve the Fourth District's decision in Rudnick based on its interpretation of "payable" as found in section 627.736(3) and its interpretation of "available" within the meaning of section 768.76(1). We also approve the Fifth District's opinion in Klinglesmith on this issue, and disapprove Kokotis and King.[5]
It is so ordered.
*294 SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur. HARDING, C.J., concurs in part and dissents in part with an opinion. WELLS, J., concurs in part and dissents in part with an opinion.
HARDING, C.J., concurring in part and dissenting in part.
To the extent that the majority relies on this Court's decision in Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000), I dissent based on the reasons expressed in my dissenting opinion in that case. However, I agree with the majority that medpay benefits are a collateral source to which the general collateral source statute is applicable, and therefore I also agree that medpay benefits are not the equivalent of PIP benefits for the purposes of section 627.736(3), Florida Statutes (1993). Accordingly, I concur that the trial court was correct in refusing to set off the remaining medpay benefits against the verdict.
WELLS, J., concurring in part and dissenting in part.
I concur in approving the Fifth District's decision and reasoning in State Farm Mutual Automobile Insurance Co. v. Klinglesmith, 717 So.2d 569 (Fla. 5th DCA 1998).
I dissent from the majority's decision and opinion in all other respects. I would approve the decision of the First District in King v. Burch, 724 So.2d 1237 (Fla. 1st DCA 1999).
NOTES
[1] We decline to address the remaining point raised by petitioner on review as to the refusal of the trial court to set off workers' compensation benefits because the Fourth District found the record "insufficient to reverse the trial court's ruling." Allstate Ins. Co. v. Rudnick, 706 So.2d 389, 391 (Fla. 4th DCA 1998); see Bell v. U.S.B. Acquisition Co., 734 So.2d 403, 412 (Fla.1999).
[2] Section 627.736(4)(f) provides in part:

Medical payments insurance, if available in a policy of motor vehicle insurance, shall pay the portion of any claim for personal injury protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision of paragraph (1)(a), regardless of whether the full amount of personal injury protection coverage has been exhausted.
[3] In State Farm Mutual Automobile Insurance Co. v. Klinglesmith, 717 So.2d 569, 570 (Fla. 5th DCA 1998), the Fifth District held that medpay benefits were a collateral source within the meaning of 627.7372, Florida Statutes (1991). Although section 627.7372 has been repealed and does not apply in this case, see ch. 93-245, § 3 at 2439, Laws of Fla., the reasoning in Klinglesmith also applies to section 768.76, Florida Statutes (1993), the general collateral source statute applicable in this case.
[4] Section 768.76 provides in relevant part:

(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he is receiving as a result of his injury.
(Emphasis supplied.)
[5] Allstate has also argued that the PIP and medpay benefits were available within the meaning of section 627.727(1), Florida Statutes (1993), pertaining to uninsured motorist coverage, and should have been set off from the verdict on that basis. Section 627.727(1) provides that uninsured motorist coverage

shall not duplicate the benefits available to an insured under ... personal injury protection benefits ... and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section.
In the present case, the Fourth District concluded that the term "available" within section 627.727(1) should be interpreted no differently than in section 768.76(1). Rudnick, 706 So.2d at 391. Neither Klinglesmith, Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), nor King v. Burch, 724 So.2d 1237 (Fla. 1st DCA 1999), addresses the application of this statute. We decline to address this issue because the basis for our jurisdiction in this case is the certification of conflict with Kokotis regarding the definition of the term "payable" in section 627.736(3), and because there is no conflict among the decisions on the application of section 627.727(1). See Bell, 734 So.2d at 412; Heuss v. State, 687 So.2d 823, 824 (Fla.1996).