ON MOTION FOR ISSUANCE OF CORRECTED OPINION

POLEN, J.
We grant appellees’ motion for issuance of corrected opinion. The opinion issued in this case on June 23, 1999 is withdrawn, and the following opinion is substituted in its place.
Budget Rent-A-Car Systems, Inc. (“Budget”) appeals from a final judgment in which the trial court refused to apply a collateral source set-off for payable personal injury protection (“PIP”) and medical payment (“medpay”) benefits, and awarded prejudgment interest from the date of-verdict instead of the date of final judgment. We affirm on all points raised on appeal.
Joseph and Patricia Castellano, while operating their automobile, were injured in a collision with two cars driven by Jerry Ken Mock and Urey Burrell. Budget owned the rental car that Mock was driving. The Castellanos subsequently sued Budget, Mock, Burrell, and their UM carrier, Arnica Mutual Insurance Company (“Arnica”). After a nine-day jury trial, the jury returned a verdict in favor of the Castellanos for compensatory damages ($613,074.12 for Mr. Castellano; $11,406 for Mrs. Castellano), which included a $7,000 award of future medical expenses to Mrs. Castellano.
After trial, Budget filed a motion to set-off the over $7,000 of available PIP and medpay benefits that the Castellanos had under their policy of insurance with Arnica. The Castellanos also filed a motion seeking prejudgment interest from the date of the verdict .until the time final judgment was entered. The court denied the motion and entered judgment against Budget and Mock in the amount of $506,060.26, representing their share of liability for the Cas-tellanos’ compensatory damages. It later entered judgment in the amount of $3,640.14 in prejudgment interest and $866.70 in past judgment interest against Budget and Mock. This appeal followed.
REFUSING TO REDUCE VERDICT FOR FUTURE MEDICAL EXPENSES BY AVAILABLE PIP BENEFITS
*891 Budget first argues the court erred in not reducing Mrs. Castellano’s verdict by the PIP benefits she had available at the time of judgment. Under section 627.736(3), Florida Statutes (1997),[1] an injured party has no right to recover any damages for which PIP benefits have been paid or are “payable.” As such, the tort-feasor is exempted from liability for damages to the extent that such PIP benefits have been paid or are “payable” for such injuries. § 627.737(1), Fla. Stat. (1997).[2] To prevent double recovery by the claimant, the statutes further direct that the trial court shall reduce the amount of any award by the total amount which have been paid or are otherwise “available” for the benefit of the injured claimant from all collateral sources. § 768.76, Fla. Stat. (1997)[3]; Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla.1986).
At the time of final judgment in this case, the district courts were in conflict as to the definition of “payable” as used in sections 627.736(3) and 627.737(1). Compare Allstate Ins. Co. v. Rudnick, 706 So.2d 389 (Fla. 4th DCA 1998)(holding that “payable” referred to those medical bills already incurred by the plaintiff before trial but that had not been processed for payment), approved, 761 So.2d 289 (Fla. 2000) with Kokotis v. DeMarco, 679 So.2d 296 (Fla. 6th DCA 1996)(holding “payable” included future expenses resulting from the claimed injury), rev. den., 689 So.2d 1068 (Fla.1997). Since entry of the final judgment, however, the supreme court resolved this conflict by adopting the definition of “payable” as used in Rudnick. Rollins v. Pizzarelli 761 So.2d 294 (Fla. 2000)(on reh’g).[4] In doing so, it held that *892 because a plaintiffs future medical expenses cannot be presented to the PIP carrier for payment since they have not yet been incurred, they do not represent a liability or a “payable” benefit of the PIP carrier. Id. Under this rationale, Mrs. Castellano’s award of future medical benefits should not have been set off by the remaining $7,000 in PIP benefits that were available at the time of judgment. As such, we affirm.
REFUSING TO REDUCE THE AMOUNT OF THE JURY’S AWARD BY THE MEDPAY BENEFITS AVAILABLE TO THE CASTELLA-NOS
Budget also argues that medpay and other collateral source benefits that remain at the time of judgment must be applied to reduce a claimant’s recovery of future medical expenses. However, in Allstate Insurance Company v. Rudnick, 761 So.2d 289 (Fla.2000), the supreme court held that an award of future medical benefits shall not be set off by the amount of medpay benefits unused at the time of judgment. In accordance with Pizzarelli, it explained that only those benefits that have already been paid or that are presently due and owing shall be so set off. Because Rudnick is on point, we affirm.
AWARDING PREJUDGMENT INTEREST FROM THE DATE OF THE VERDICT
Budget finally argues that the court erred in awarding prejudgment interest from the date of the jury’s verdict instead of from the date of final judgment. When a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, the plaintiff is entitled to prejudgment interest at the statutory rate from the date of that loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). An unliquidated claim becomes liquidated and, thus, susceptible of bearing prejudgment interest, when a jury verdict has the effect of fixing the amount of damages. Palm Beach County School Bd. v. Montgomery, 641 So.2d 183, 184 (Fla. 4th DCA 1994). At that point, the court simply computes prejudgment interest at the same rate as post-judgment interest from the jury verdict to the date of judgment. Id. (citing Argonaut, 474 So.2d at 215).[5]
In this case, the actual verdict form shows that the jury fixed the Castellanos’ medical, wage loss, and noneconomic damages in its verdict. Thus, we hold that the Castellanos’ damages were liquidated at the time of the verdict. See Griefer v. DiPietro, 708 So.2d 666 (Fla. 4th DCA 1998)(holding that, regardless of whether the plaintiffs’ recovery would be reduced by comparative negligence as determined in their second trial, the damages were liquidated at the time of the first trial on the sole issue of damages), rev. dismissed, 732 So.2d 323 (Fla.1999). Because the jury reduced Mrs. Castellano’s award of future damages to present money value, we affirm the award of prejudgment interest.,
AFFIRMED.
STEVENSON and TAYLOR, JJ., concur.

. This subsection provides,
(3) Insured’s rights to recovery of special damages in tort claims — No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. • The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable.
§ 627.736(3), Fla. Stat. (1997).

. This subsection provides, in pertinent part,
(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, and every person or organization legally responsible for her or his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any exclusion authorized by ss. 627.730-627.7405, under any insurance policy or other method of security complying with the requirements of s. 627.733....
§ 627.737(1), Fla. Slat. (1997).

. This section provides, in pertinent part,
(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources....
(2) For purposes of this section:
(a) "Collateral sources” means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:
s{s sfs %
2. Any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by her or him or provided by others.
§ 768.76, Fla. Stat. (1997).

. The supreme court had originally decided the issue consistent with the fifth district’s Kokotis decision. This was, in part, the basis *892 for our original June 23, 1999, panel decision in this case. The Castellanos then moved for rehearing and to stay our mandate, pending the supreme court's resolution of a pending motion for rehearing in Rollins. We denied rehearing, but stayed our mandate by order dated July 30, 1999. The obvious purpose of staying the mandate, contrary to appellant's motion in opposition to this corrected opinion, was to allow us to reconsider our decision in this case, should the supreme court reverse itself in Rollins. It did, we did, and we do so now.

. Although Budget notes that Argonaut was not a personal injury case, its principles regarding awards of prejudgment interest still apply in personal injury cases. Id.