DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**YEINSON TORRES HURTADO** and **VIVIANA HURTADO ESCOBAR,**
Appellants,

v.

**NIGEL DESOUZA,**
Appellee.

Nos. 4D12-1817 and 4D13-1469

[November 26, 2014]

Consolidated appeals and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Senior Judge and Edward Fine, Judge; L.T. Case No. 502010CA016866.

Scott A. Cole and Anne C. Sullivan of Cole, Scott & Kissane, P.A., Miami, for appellants.

Andrew J. Rader of Cutler Rader, P.L., Deerfield Beach, and Bard D. Rockenbach and Adam J. Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellee.

MAY, J.

The defendants appeal an adverse judgment arising from a minor rear-end auto accident. The plaintiff separately appealed the same judgment. We consolidated the cases and treated the plaintiff's appeal as a cross-appeal. Multiple issues were raised in the direct appeal. We affirm on all issues, but write to address the collateral source/set-off issue concerning unemployment benefits raised in the cross-appeal. We reverse on that issue.

The plaintiff filed a claim for personal injury and damages sustained when the defendants rear-ended his car while stopped at a traffic light. The defendants filed an answer denying all allegations and asserting affirmative defenses, including a set-off for government benefits. Just prior to trial, the defendants admitted liability, but causation and damages remained for the jury to determine.

The plaintiff was a commercial pilot but he was laid off and receiving unemployment compensation at the time of the accident. The plaintiff testified that he earned $12,000 in unemployment compensation in 2009 and $15,000 in 2010. He testified that he did not work as a pilot for the two years following the accident.

The jury found the defendants' negligence was the legal cause of the plaintiff's injuries, and awarded $1,002,238.17 in damages. Among the itemized damages was $325,000 in past lost wages.

The defendants moved for a new trial and post-trial set-offs of the unemployment compensation and PIP benefits received by the plaintiff. The court granted the motion for post-trial set-offs and set off $27,000 of unemployment compensation and $10,000 of PIP benefits received by the plaintiff. The plaintiff moved for reconsideration, which the court denied. The parties appealed.

On cross-appeal, the plaintiff argues that the collateral source statute does not allow for a set-off of unemployment compensation benefits.[1] The defendants respond that unemployment benefits fall within the purview of the collateral source statute. The issue is whether unemployment compensation is a collateral source subject to a set-off under section 768.76, Florida Statutes.

We have de novo review. *GTC, Inc. v. Edgar*, 967 So. 2d 781, 785 (Fla. 2007).

Common law prohibited a set-off of collateral source benefits. *Sheffield v. Superior Ins. Co.*, 800 So. 2d 197, 200 n.3 (Fla. 2001). "Section 768.76 abrogated the common law collateral source rule and replaced it with a statutory provision that allows certain payments from collateral sources to be set off from a plaintiff's recovery." *Coop. Leasing, Inc. v. Johnson*, 872 So. 2d 956, 959 (Fla. 2d DCA 2004) (citing § 768.76, Fla. Stat. (1997)).

---

[1] Unemployment compensation has been renamed "reemployment assistance." § 443.036(38), Fla. Stat. (2012). "Reemployment assistance" is defined as, "[C]ash benefits payable to individuals with respect to their unemployment pursuant to the provisions of this chapter. . . . Any reference to reemployment assistance shall mean compensation payable from an unemployment fund as defined in 26 U.S.C. s. 3306(f)." *Id.* Under section 443.091's "benefit eligibility conditions," the person seeking reemployment assistance must be "able to work and is available for work." § 443.091(1)(d), Fla. Stat. (2012). "Able to work" is defined as "physically and mentally capable of performing the duties of the occupation in which work is being sought." § 443.036(1), Fla. Stat. (2012).

The collateral source statute provides:

(1) In any action . . . in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant's immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury.

(2) For purposes of this section:

(a) "Collateral sources" means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:

1. The United States Social Security Act, except Title XVIII and Title XIX; any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits, except those prohibited by federal law and those expressly excluded by law as collateral sources.

2. Any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by her or him or provided by others.

3. Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services.

> 4. Any contractual or voluntary wage continuation plan provided by employers or by any other system intended to provide wages during a period of disability.
>
> . . . .

§ 768.76(1)–(2), Fla. Stat. (2012). Both parties focus on section 768.76(2)(a)1. in support of their respective positions. However, neither that subsection nor the remaining subsections provide for a set-off of unemployment compensation benefits.

"The plain meaning of the statute is always the starting point in statutory interpretation." *Edgar*, 967 So. 2d at 785. "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Id.* (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

Using the plain meaning of the statute, unemployment benefits do not fall within sections 768.76(2)(a)1.–4. Under section (2)(a)1., unemployment compensation is not provided pursuant to "[t]he United States Social Security Act, except Title XVIII and Title XIX." § 768.76(2)(a)1., Fla. Stat. It is also not provided for under "any federal, state, or local income disability act." *Id.* The plain reading of "income disability act" means an act that provides income assistance for persons with a disability. A person cannot qualify for unemployment compensation unless he or she is physically able to work; unemployment compensation cannot fit within the term "income disability act." §§ 443.091(1)(d), .036(1), Fla. Stat.

Subsection 2. refers to "health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits." § 768.76(2)(a)2., Fla. Stat. Like subsection one, this section relates to insurance that provides benefits for health, sickness and disability, which are all types of insurance suggesting the person is unable to work. As previously mentioned, unemployment compensation is available only to persons who are physically able to work. This section therefore cannot cover unemployment compensation benefits.

Subsection 3. refers to a "contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the *costs of hospital, medical, dental, or other health care services*." § 768.76(2)(a)3., Fla. Stat. (emphasis added). For the same reason

4

expressed above, unemployment compensation does not fall within its purview.

And last, unemployment compensation is not a "contractual or voluntary *wage continuation plan* provided by employers or by any other system *intended to provide wages during a period of disability*." § 768.76(2)(a)4., Fla. Stat. (emphasis added). Although Florida does not define "wage continuation plan," the Code of Federal Regulations does.

The provision entitled "amounts expended for medical care," states in part, "[I]f under a wage continuation plan the taxpayer is entitled to regular wages during a period of absence from work due to *sickness or injury*." 26 C.F.R. § 1.105-2 (2012). This section cites to section 1.105-4, which has been removed from the Code of Federal Regulations. That section previously defined "wage continuation plan" as, "[A]n accident or health plan . . . under which wages, or payments in lieu of wages, are paid to an employee for a period during which he is absent from work on account of a personal injury or sickness."

Unemployment compensation would not fall under this section as it does not involve sickness or injury. *See* § 443.091(1)(d), Fla. Stat. In fact, the person seeking unemployment compensation must be physically able to work. *See* § 443.036(1), Fla. Stat.

The purpose of section 768.76 is "[t]o prevent double recovery by the claimant." *Budget Rent-A-Car Sys., Inc. v. Castellano*, 764 So. 2d 889, 891 (Fla. 4th DCA 2000) (citing § 768.76, Fla. Stat. (1997)). But, because unemployment compensation benefits are not specifically listed in section 786.76 and cannot be interpreted as a collateral source under any of its provisions, the trial court erred in setting off those benefits from the final judgment. We therefore reverse and remand the case to the trial court to eliminate the set-off for these benefits.

*Reversed and Remanded.*

WARNER and TAYLOR, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***