771 So.2d 555 (2000)
Jennifer Marie McKENNA, Appellant/Cross-Appellee,
v.
Laurie I. CARLSON a/k/a Laurie I. Reyna, Appellee/Cross-Appellant.
No. 5D99-1525.
District Court of Appeal of Florida, Fifth District.
September 15, 2000.
Rehearing Denied October 25, 2000.
*556 David A. Collins of Law Offices of Robert Soifer, and Elizabeth C. Wheeler, of Wheeler & Wilkinson, LLP, Orlando, for Appellant/Cross-Appellee.
Robin Orosz Sharp and Jennifer Gentry Fernandez of Maher, Gibson, Guiley and Maher, P.A., and Jamie Billotte Moses of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee/Cross-Appellant.
Joseph H. Williams of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, Amicus Curiae for The Academy of Florida Trial Lawyers.
COBB, J.
The defendant, McKenna, appeals from a final order denying her motions for attorney fees and costs based upon offers of judgment made in an action for personal injuries arising out of an automobile accident. The plaintiff, Carlson, has cross-appealed. The crucial issue which bears on this controversy is the determination of the amount of the "judgment obtained" as that term is used in the offer of judgment statute, section 768.79, Florida Statutes.[1]
Carlson alleged that McKenna negligently struck her motor vehicle, causing personal injury. McKenna denied negligence and asserted that any recovery by Carlson was barred or reduced in accordance with the Florida Motor Vehicle No-Fault Law, §§ 627.730-627.7405, Florida Statutes (1993). McKenna further asserted that Carlson was covered by an automobile insurance policy which provided personal injury protection benefits and that any recovery should be reduced by the amount of such benefits, including deductible amounts, paid or payable. McKenna made two pre-trial offers of judgment in the respective amounts of $3,001.00 and $5,000.00, both of which were rejected by Carlson.
During trial, the parties stipulated that Carlson was covered at the time of the accident by an insurance policy issued by Armor Insurance Company. The parties also stipulated that the Armor policy provided PIP benefits of $10,000.00 with a $2,000.00 deductible, and that PIP benefits had been paid in the sum of $887.48. Two medical bills in the amounts of $150.00 and $441.00 were submitted to the PIP carrier (for payment at 80%) but had yet to be paid. The parties also stipulated that Carlson had health insurance with United Healthcare, which was asserting a lien for payment of medical expenses related to the accident. The parties agreed that the stipulations would be used in connection with a post-verdict setoff against any damage award to Carlson.
The jury returned a verdict awarding the following sums as damages to Carlson:

Past medicals $ 4,043.05
Past wages 250.00
Future medical expenses 5,000.00
Future lost earning capacity 1,250.00
 __________
 $10,543.05

The jury determined that Carlson did not sustain a permanent injury within a reasonable *557 degree of medical probability as a result of the accident.
McKenna moved for a setoff as to the amount of Carlson's PIP benefits paid and payable, including her deductible. She also moved for attorney fees pursuant to section 768.79, Florida Statutes, on grounds that, after applicable setoff, "the judgment obtained by [Carlson] is at least 25% less than" McKenna's proposals for settlement.
Carlson agreed that the amount of her PIP deductible should be set off from the jury's verdict for past medical expenses and lost wages. McKenna argued that the total amount set off against past medical expenses and lost wages should equal the applicable percentages payable as PIP benefits. Carlson, on the other hand, contended that any setoff in addition to her deductible against past medical expenses and lost wages should be limited to the amount of PIP benefits actually paid and not the amount payable at 80% or 60%, respectively. Carlson also argued that under subsection 768.76(1), the setoff for PIP benefits should be reduced by the amount of the automobile insurance premium which she had paid. McKenna argued subsection 768.76(1) did not apply to PIP benefits.
The trial judge, sua sponte, determined that PIP insurance could not be purchased without collision coverage. The court ruled that the setoff should be reduced by the PIP premium and the collision coverage premium, or a total of $592.00. The court denied any reduction for the premium paid for bodily injury or property damage and for comprehensive coverage. Ultimately, the trial court entered an order stating that the following amounts would be set off against the verdict:

PIP deductible $2,000.00
Setoff against past medical expenses
and lost wages 1,360.28
Setoff against future medical expenses 4,000.00
Setoff against future lost wages 750.00
 _________
 $8,110.28

The court then reduced the setoff by the $592.00 cost of the PIP and collision coverage on the vehicle involved in the accident. Reducing the $8,110.28 setoff by this amount resulted in a net setoff of $7,518.28. The court entered a final judgment in favor of Carlson in the amount of $3,024.77, the difference between the verdict of $10,543.05 and the net setoff of $7,518.28. The court denied McKenna's motion for attorney fees and her motion to tax costs.
In considering the setoff issue the initial question is whether section 627.736(3),[2] Florida Statutes (dealing with setoff of PIP benefits which are "paid or payable") or section 768.76, Florida Statutes, the collateral source rule, applies to the setoff of PIP benefits. Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000) holds that section 627.736(3) applies to the setoff of PIP benefits.
The PIP deductible of $2,000 was correctly ordered set off from the verdict. See Hannah v. Newkirk, 675 So.2d 112 (Fla.1996). Likewise, the amount of PIP benefits actually paid (or submitted and *558 pending payment) were properly ordered set off. The purpose of such setoff is to prevent a plaintiff from obtaining a double recovery, i.e., receiving as damages sums for which PIP benefits were paid. § 627.736(3), Fla. Stat. The defendant's reliance on Mansfield v. Rivero, 620 So.2d 987 (Fla.1993) is misplaced. In the instant case, unlike Mansfield, the medical expenses and lost wages incurred and paid by the PIP carrier were agreed upon and presented into evidence. It is the amount of actual, not potential, PIP benefits which is to be set off.
As to set off of future medical expenses and lost wages, Rollins holds that only PIP benefits currently payable or owed by the PIP carrier as a result of expenses incurred by the plaintiff should be set off from a verdict that, as here, includes an award of future medical expenses. Rollins thus rejects the view that the term "payable" as used in section 627.736(3), includes all remaining PIP benefits that are not currently payable. See also Allstate Ins. Co. v. Rudnick, 761 So.2d 289 (Fla.2000). The trial court erred in setting off $4,750 in PIP benefits which may be payable in the future.
We find that the trial court also erred in reducing the PIP setoff by the amount of the premium paid by the plaintiff for PIP and collision coverage. This reduction was predicated upon section 768.76(1), Florida Statutes, the general collateral source statute which provides:
In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant or which are otherwise available to him, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of the claimant or members of his immediate family to secure his right to any collateral source benefit which he is receiving as a result of his injury. [Emphasis supplied].
McKenna argues that subsection 768.76(1) does not apply and that section 627.736, which is the applicable statute, does not provide for a reduction from any setoff for automobile insurance premiums. Subsection 768.76(1) does not govern PIP setoffs but rather controls other collateral source payments received by an injured party. See, e.g., Rudnick (medpay benefits are a collateral source governed by section 768.76). However, we deal in this case with the issue of the entitlement, vel non, to attorney fees under section 768.79, Florida Statutes. Subsection 768.76(1) is therefore implicated to the extent it would allow a reduction from the setoffs for the plaintiffs cost of obtaining PIP coverage in determining the amount of the "judgment obtained." This cost, however, is limited to the cost of obtaining the PIP coverage, not the cost of obtaining collision and/or liability insurance. The latter costs are at best indirectly related to the benefits received by the plaintiff as a result of her injury.
Given our determinations, the trial court was correct in denying attorney's fees. We remand, however, for entry of a corrected final judgment in accordance with the rulings expressed herein.
AFFIRMED; REMANDED FOR ENTRY OF CORRECTED FINAL JUDGMENT.
HARRIS, J., concurs.
PLEUS, J., concurs specially with opinion.
PLEUS, J., concurring specially.
I reluctantly concur because of the recent supreme court decision in Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000).
*559 The Academy of Trial Lawyers, in an excellent amicus brief, makes a strong argument for the proposition that the "judgment obtained," for purposes of determining entitlement to attorney's fees, should include the "add-in" of all insurance premiums which an insured is required to expend in order to operate an insured vehicle. Included in the total premium is physical damage coverage as well as PIP insurance coverage. However, I concur with Judge Cobb that the cost of physical damage or collision coverage should not be included because that cost is at best indirectly related to the benefits received by the plaintiff as a result of her injury.
But for Rollins, I would hold that $4,750 in PIP benefits for future medical expenses and lost wages should be a set-off in computing the "judgment obtained" for purposes of determining entitlement to attorney's fees. Indeed, the jury had reduced these future benefits to a liquidated amount in its verdict. This court in Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), rev. denied, 689 So.2d 1068 (Fla.1997), determined that, for purposes of computation of the net verdict in an auto personal injury action, "payable" includes expenses not yet incurred resulting from a covered injury, i.e., the award of future medical expenses and lost earnings covered by PIP insurance. Since the amounts were liquidated, they must surely be determined to be "due" for purposes of computing the "judgment obtained." Once liquidated and included in the computation of the final judgment those benefits are presently due and owing rather than benefits potentially payable in the future.
I agree with Chief Justice Wells in his dissent in Rollins that Kokotis is a correct and sound decision.
NOTES
[1] Section 768.79 provides in relevant part:

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....
[2] This subsection provides in relevant part:

(3) INSURED'S RIGHT TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.-No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representatives, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable.