835 So.2d 276 (2002)
Helen M. CARUSO, Individually and on behalf of Crystal Grubbs, a minor, Appellant,
v.
Earl BAUMLE, Appellee.
No. 5D01-2114.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
Order Denying Rehearing, Granting Certification of Questions January 3, 2003.
*277 D. Paul McCaskill and Jeffrey M. Byrd of Jeffrey M. Byrd, P.A., Orlando, for Appellant.
Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., and Lourdes Calvo-Paquette of Law Offices of Robert Soifer, Orlando, for Appellee.
SHARP, W., J.
Helen M. Caruso, individually and on behalf of Crystal Grubbs, a minor, asserts the trial court erred in ruling that appellee, Earl Baumle, could proceed to conduct post-trial discovery and present his evidence post-trial regarding the defense of PIP setoff benefits to the trial judge in a jury case. This lawsuit grew out of a 1998 automobile accident in which appellants were injured and received PIP benefits. Appellee admitted liability.
Our initial view of this case was that although the applicable statutes are unclear as to how, when and to whom PIP setoff defenses should be proven, the appellants in this case had waived this issue by agreeing with the trial judge that the judge would determine the amount of the judgment by deducting the setoffs at a later proceeding. However, an additional review of the record convinces us there was no waiver.
Counsel for appellants/plaintiffs below, Jeffrey Byrd, consistently argued that Baumle must submit evidence of PIP setoffs during the trial, although the trial court would later make the calculations and deduct those sums from the final award made by the jury. During the post-trial proceedings, Byrd again objected to Baumle's introduction of post-trial evidence concerning the PIP setoff defense on the ground Baumle had proffered at trial only objected-to-hearsay evidence of the setoffs and that it was then too late to prove that affirmative defense.
The trial judge stated:
I am clear you're not waiving. You clearly made your objection and I don't want to suggest in any way that you're waiving the objection by anything that I have said or anything you do, but I am still saying that the Defendant, if it wants to benefit from an off-set for PIP payments has to establish how much the PIP payments are and you do that post-judgment. You ordinarily start out by submitting an affidavit from somebody who says these are what the records show we paid out...
*278 The judge then told defense counsel to file an affidavit on PIP payments and let Byrd look at it:
And let me make absolutely clear by this procedure is over Mr.Byrd's previous objection and is not in any way to be construed as a waiver of his objection that the collateral source information has to be produced at trial, before the jury renders its verdict or before the jury leaves the courtroom or sometime or the other prior to today. When do you want it, at trial, before the jury retires, I suppose?
Mr. Byrd: Sir, I believe it's appropriate that a party proffer it during their case in chief before they rest.
The Court: Before the jurywell, during the evidentiary phase of the trial.
Mr. Byrd: Yes, sir.
The Court: Even though not presented to the jury.
Mr. Byrd: Yes, sir.
The Court: All right. So your point is clear ...
* * *
The Court: The question is: Do you have to present the collateral source information during trial or not? And the answer is not. You present it afterwards. Now present it. Put it in affidavit form and present it. I've ruled on it and let's go on.
Based strictly on an analysis of the collateral source statutes, this ruling is probably erroneous.
The common law rule on collateral sources has been altered by statute. See Sheffield v. Superior Insurance Co., 800 So.2d 197 (Fla.2001); Allstate Insurance Co. v. Rudnick, 761 So.2d 289 (Fla.2000). Unfortunately, these statutes have been inconsistent in their treatment of collateral sources.
For example, sections 627.7372 and 768.76 are both entitled "Collateral Sources of Indemnity." Section 627.7372(1), Florida Statutes (Supp.1992) provided:
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source. (emphasis added)
Section 768.76(1), Florida Statutes (2001) provides:
(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant's immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury. (emphasis added)
These two statutes clearly conflict in their treatment of collateral sources. Section 768.76 requires the court to reduce the damage award by the collateral source payments. Section 627.7372 requires that evidence of collateral source payments be *279 presented to the jury during trial and the jury deduct those payments from its verdict.
Section 768.76 is contained in Part II of chapter 768, which governs damages in negligence actions. It is a general provision that authorizes the court to reduce the damage award by the collateral source payments. Kirkland v. Allstate Insurance Co., 655 So.2d 106 (Fla. 1st DCA 1995). Section 672.7372 was the collateral source provision of the Florida Motor Vehicle No-Fault Law. Urbanak v. Hinde, 497 So.2d 276 (Fla. 3d DCA 1986). Since section 672.7372 was specifically directed at tort actions involving motor vehicles, the courts held for automobile accident cases, this section controlled over the general collateral source statute. Barberena v. Gonzalez, 706 So.2d 60 (Fla. 3d DCA 1998); Kirkland; White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993). See also Rudnick.
In 1993, section 627.7372 was repealed. Ch. 93-245, § 3, Laws of Fla.[1] Thus presumably the general collateral source statute (section 768.76) will control, even in automobile cases unless another more specific statute applies.[2]
The present case involves another more specific collateral source statute, section 627.736(3). The issue here concerns introduction of evidence of PIP benefits for purposes of a setoff. PIP benefits are collateral sources. Rollins; Rudnick. In Rollins, the Florida Supreme Court held that section 627.736(3) applies to the setoff of PIP benefits. McKenna v. Carlson, 771 So.2d 555 (Fla. 5th DCA 2000).
Section 627.736(3), Florida Statutes (2001) provides:
(3) INSURED'S RIGHTS TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, *280 the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable. (emphasis added)
Sections 627.736 and 627.7372 are both contained in Part XI (Motor Vehicle and Casualty Insurance Contracts) of chapter 627. Section 627.7372(1) required the jury to deduct collateral source benefits from its verdict. Likewise, section 627.736 requires the trier of fact not to award damages for PIP benefits.
In cases involving section 627.7372(1), the courts reversed setoffs where the defendants failed to present evidence of collateral source payments to the jury. Barberena; Kirkland. This principle should also apply to cases involving section 627.736(3). Logically, if the defendant neglects to present evidence of the plaintiff's PIP benefits, the jury cannot be faulted for failing to consider those payments in its award.
Citing to both sections 627.736(3) and 768.76(1) in Allstate Insurance Co. v. Scott, 773 So.2d 1290 (Fla. 5th DCA 2001), this court stated that a party asserting the defense of PIP benefit setoffs was not required to introduce that evidence during the course of the jury trial. But the court did not address the differences between the two statutes or reconcile the obvious assumption in section 627.736(3) that the "trier of fact" will hear evidence of the PIP setoffs, be it judge or jury, and that the jury will be instructed plaintiffs cannot recover such PIP benefits paid or payable. In a recent case, our sister court has ruled that in motor vehicle accident cases, a collateral source instruction regarding PIP payments and benefits should be given to the jury. Bogosian v. State Farm Mutual Auto. Ins. Co., 817 So.2d 968 (Fla. 3d DCA 2002).
We are bound by the Allstate case. However, we write to point out there is an ambiguity in the statutes which needs to be addressed by the Legislature.
AFFIRMED.
SAWAYA, J., concurs.
HARRIS, J., concurring specially with opinion.
HARRIS, J., concurring specially.
I agree this is an affirmance but I disagree that appellant did not waive having the evidence of collateral source payments introduced post trial. It is true that section 627.7372(1), Florida Statutes provides that the jury shall deduct the collateral source payments from the benefits derived from the verdict. In that regard, the evidence relating to collateral source payments must be presented during trial so that the jury can make the deduction. But the appellant did not wish for the jury to make the deduction or that information relating to collateral source payments go to the jury, but instead insisted that the evidence should be presented for the judge's eyes only during trial and that the court should then make the determination post trial. Here is the discussion between appellant's counsel and the court:
THE COURT: I agree. But you are talking about a determination that is going to be made subsequently.
COUNSEL: Yes, sir. But the proof must be offered at trial, not subsequent to trial.
* * *
THE COURT: If PIP is going to be offered during the trial, then you are going to be asking the jury to ...
COUNSEL: No, sir. Perhaps I am not being clear.

*281 * * *
THE COURT: It's not going to be part of the evidence presented to the jury.
COUNSEL: That's correct, sir.
Appellant's counsel clearly waived the right to have the jury deduct the collateral source payments from its award. This, I believe, is the important waiver. The only reason for putting the evidence in during trial is so that the jury will have such evidence for its determination. If the court is to determine the appropriate setoff, it should have the discretion to receive the proper evidence at the time it determines the issue. It is difficult to see how appellant was prejudiced by the court receiving the evidence of collateral source payments, the sufficiency of which is not challenged, post trial (instead of at trial) when it was determining the amount for setoff.

ON MOTION FOR REHEARING, CLARIFICATION OR CERTIFICATION
PER CURIAM.
On motion for rehearing, we adhere to our opinion issued in this case, but we certify to the Florida Supreme Court as questions of great public importance,[1] the following:
IN AN AUTOMOBILE ACCIDENT CASE, DOES SECTION 627.736(3) REQUIRE THAT EVIDENCE OF PIP BENEFITS FOR PURPOSES OF SET OFF BE PRESENTED TO THE TRIER OF FACT, BE IT JUDGE OR JURY, AND IF A JURY, MUST THE JURY BE INSTRUCTED THAT THE PLAINTIFF SHALL NOT RECOVER SPECIAL DAMAGES FOR PERSONAL INJURY PROTECTION BENEFITS PAID OR PAYABLE?
OR, PURSUANT TO THAT STATUTE AND ABSENT A WAIVER OR AN AGREEMENT BY THE PARTIES, MAY A PARTY, ASSERTING SET OFF OF PIP BENEFITS, INTRODUCE THAT EVIDENCE AFTER A JURY TRIAL TO THE JUDGE FOR A FACT FINDING OF AMOUNTS INVOLVED, AND FOR PURPOSES OF REDUCING THE PLAINTIFF'S RECOVERY?
Appellant's Motion for Rehearing and Clarification is DENIED; Motion for Certification GRANTED; Questions CERTIFIED.
SHARP, W., SAWAYA, JJ., and HARRIS, C., Senior Judge, concur.
NOTES
[1] In Rollins, the Florida Supreme Court noted that section 627.7372 had been repealed and "the general collateral source statute is now found in section 768.76, Florida Statutes (1999)." (emphasis added) Rollins, 761 So.2d at 296, n. 2. This suggests that section 768.76 replaced the repealed section 627.7372. This is incorrect as section 768.76 existed prior to the repeal of section 627.7372. There was merely a minor amendment to section 768.76(1) in 1993. Ch.93-245, § 1, Laws of Fla.

Section 627.736(3) was substantially reworded as part of the 1976 amendments to the PIP statute. These changes replaced the complicated system of equitably distributing PIP benefits with a system under which the plaintiff could plead and prove his special damages but the trier of fact could not award PIP benefits paid or payable. See Ch.76-266, § 4, Laws of Fla.; Rollins, 761 So.2d at 299.
As part of the Tort Reform and Insurance Act of 1986, the legislature repealed section 768.50 (the medical malpractice collateral source statute) and created section 768.76. Ch.86-160, §§ 55, 68, Laws of Fla. Both the repealed section 768.50 and the newly created section 768.76 provided for the court to reduce the award by the amount of collateral source payments.
[2] The accident here occurred in 1998.
[1] Fla. R.App. P. 9.030(A)(2)(A)(v).