880 So.2d 540 (2004)
Helen M. CARUSO, etc., Petitioner,
v.
Earl BAUMLE, Respondent.
No. SC03-127.
Supreme Court of Florida.
June 24, 2004.
*541 D. Paul McCaskill, Orlando, FL, for Petitioner.
Elizabeth C. Wheeler, Orlando, Florida; and Lourdes Calvo-Paquette of the Law Offices of Robert Soifer, Orlando, FL, for Respondent.
Thomas R. Thompson of Thompson, Crawford & Smiley, Tallahassee, FL, for Florida Defense Lawyers Association, Amicus Curiae.
CANTERO, J.
This case involves the introduction in evidence of personal injury protection (PIP) benefits for purposes of a setoff in an automobile accident case. The issue is whether the applicable statute requires evidence of PIP benefits to be presented to the jury or the judge, and if to the judge, whether the evidence must be submitted at trial or after trial. The Fifth District Court of Appeal certified a question of great public importance. Caruso v. Baumle, 835 So.2d 276, 281 (Fla. 5th DCA *542 2002).[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For ease of resolution, we restate and number the questions as follows:
(1) IN AN AUTOMOBILE ACCIDENT CASE, DOES SECTION 627.736(3) REQUIRE THAT EVIDENCE OF PIP BENEFITS FOR PURPOSES OF SETOFF BE PRESENTED TO THE TRIER OF FACT, BE IT JUDGE OR JURY?
(2) IF THE EVIDENCE OF PIP BENEFITS MUST BE PRESENTED TO A JURY, MUST THE JURY BE INSTRUCTED THAT THE PLAINTIFF SHALL NOT RECOVER SPECIAL DAMAGES FOR PERSONAL INJURY PROTECTION BENEFITS PAID OR PAYABLE?
(3) OR, PURSUANT TO THAT STATUTE AND ABSENT A WAIVER OR AN AGREEMENT BY THE PARTIES, MAY A PARTY ASSERTING SETOFF OF PIP BENEFITS INTRODUCE THAT EVIDENCE AFTER A JURY TRIAL TO THE JUDGE FOR A FACT FINDING OF AMOUNTS INVOLVED, AND FOR PURPOSES OF REDUCING THE PLAINTIFF'S RECOVERY?
We answer questions number one and two in the affirmative, number three in the negative, and approve the decision of the Fifth District Court of Appeal.

I. FACTS
On February 4, 1998, petitioners Helen Caruso and Crystal Grubbs, a minor, were involved in an automobile accident with respondent Earl Baumle in which the petitioners were injured. They sued Baumle for damages. Baumle asserted an affirmative defense of setoff of plaintiffs' PIP benefits. At the jury trial, Baumle ultimately admitted liability. Caruso, 835 So.2d at 277. The jury awarded damages of $18,335.93 to Caruso and $14,052.59 to Grubbs, and found that neither had sustained a permanent injury as a result of the accident.
After trial, the plaintiffs filed a motion for entry of final judgment in the amounts the jury had awarded, with no setoff for PIP payments. The motion alleged that Baumle's counsel had been unwilling to stipulate how the setoff would be handled, and that the plaintiffs were entitled to judgment with no setoff because at trial, Baumle had introduced no admissible evidence on the amounts of PIP payments. The trial court denied the plaintiffs' motion.
On the same day the plaintiffs filed the motion for entry of final judgment, Baumle filed a motion for setoff. He then served a notice of deposition of plaintiffs' PIP carrier to be taken in Miami to authenticate the amount of PIP benefits paid. The plaintiffs moved for a stay as to the post-trial *543 discovery, asserting their intention to seek review of the trial court's ruling on the post-trial proceedings. The plaintiffs indicated that they would petition for a writ of mandamus to require the court to enter the judgment in accordance with the verdict, without a setoff. The trial court granted the motion to stay. Baumle then moved for a stay of all post-trial proceedings pending disposition of the petition for writ of mandamus. The trial court granted that motion as well.
Plaintiffs filed a petition for writ of mandamus with the Fifth District seeking reversal of the trial court's decision to allow post-trial discovery on the question of setoff. The Fifth District denied the petition, finding that "[t]he petitioners have not established a clear legal right that the trial court has failed to act, nor otherwise any entitlement to immediate relief. The issue of a post-trial collateral set-off can be raised on direct appeal." Caruso v. Baumle, 776 So.2d 371, 372 (Fla. 5th DCA 2001).
Baumle then deposed Anthony Baracatt, the records custodian for plaintiffs' PIP files. Baracatt verified that the plaintiffs' automobile insurance policy provided $10,000 in PIP coverage for each plaintiff, with a $2000 deductible. He produced copies of petitioners' PIP payout logs for the accident, and testified that PIP benefits were exhausted as to each plaintiff.
At a hearing on Baumle's motion for setoff, the trial court ruled that $10,000 in PIP benefits would be setoff against both awards. After the setoffs, Caruso recovered $8,230.90 and Grubbs recovered $4,461.23.
Plaintiffs appealed, arguing that the trial court should not have allowed post-trial discovery and should not have considered evidence regarding the defense of PIP setoff benefits presented after the jury trial. The Fifth District affirmed. Caruso, 835 So.2d at 280. Although the court agreed that section 627.736(3), Florida Statutes (2001), required a defendant to present evidence of PIP benefits at trial, not after trial, the court felt bound by its prior decision in Allstate Insurance Co. v. Scott, 773 So.2d 1290 (Fla. 5th DCA 2001). Scott held that a party asserting the defense of PIP setoffs was not required to introduce that evidence during trial. Id. at 1291. On motion for rehearing, clarification, or certification, the Fifth District adhered to its opinion, but certified the questions of great public importance. Caruso, 835 So.2d at 281.

II. DISCUSSION OF LAW
We consider three issues: (A) whether evidence of PIP benefits must be presented to the trier of fact; (B) whether the jury must be instructed on the existence of a plaintiff's PIP benefits; and (C) at what pointduring or after trialmust evidence of PIP benefits be introduced.

A. Must evidence of PIP benefits for purposes of setoff be presented to the trier of fact?
The first certified question asks whether, in an automobile accident case, evidence of PIP benefits must be presented to the trier of factbe it a judge or juryfor purposes of a setoff defense. The simple answer is yes. In such cases, section 627.736(3) governs the setoff of PIP benefits. See generally Sheffield v. Superior Ins. Co., 800 So.2d 197, 200 n. 3 (Fla.2001); Rollins v. Pizzarelli, 761 So.2d 294, 297 (Fla.2000); McKenna v. Carlson, 771 So.2d 555, 558 (Fla. 5th DCA 2000).
The Florida Statutes contain at least two provisions governing the presentation of collateral sources available to the plaintiff. Section 768.76(1), Florida Statutes (2001), entitled "Collateral sources of indemnity," provides:

*544 (1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant's immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury.
Thus, under section 768.76(1), the court reduces the jury award by the amount of collateral source benefits. That section itself states that it must be followed "in any action in which this part applies." "This part" refers to Part II of Chapter 768, sections 768.71-.81, Florida Statutes (2001). Part II applies "[e]xcept as otherwise specifically provided, ... to any action for damages, whether in tort or in contract." § 768.71(1), Fla. Stat. (2001). The statute clarifies, however, that "[i]f a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply." § 768.71(3), Fla. Stat. (2001).
Another provision, section 627.736(3), is in conflict. That section is part of the Florida Motor Vehicle No-Fault Law, sections 627.730-.7405, Florida Statutes (2001), which, among other things, governs suits arising out of motor vehicle accidents. It provides:
(3) INSURED'S RIGHTS TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable.

(Emphasis added.) Thus, in contrast to the procedure under section 768.76(1), in which the court offsets the collateral source amount, under section 627.736(3), the trier of factwhether judge or juryis to offset the amount. As noted, section 768.71(3) provides that any conflicting statute governs over section 768.76. Therefore, in lawsuits concerning motor vehicle accidents, section 627.736(3), not section 768.76(1), applies.[2]
*545 PIP benefits are collateral sources; "that is, first-party benefits for which the insured has paid a separate premium." Rollins, 761 So.2d at 300. Section 627.736(3) provides that a plaintiff "shall have no right to recover any damages for which [PIP] benefits are paid or payable." Therefore, we answer the first question in the affirmative: in automobile accident cases, evidence of PIP benefits must be presented to the trier of fact.

B. Must the jury be instructed on the plaintiff's PIP benefits?
The second question asks whether, in cases where the jury is the trier of fact, the jury must be instructed that the plaintiff shall not recover special damages for PIP benefits. Again, the statute answers this question. Section 627.736(3) provides that "if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable" (emphasis added). Therefore, based on the plain language of the statute, we answer the second question in the affirmative.
The statutory language quoted above implies, of course, that only when the plaintiff introduces evidence of damages that would be covered by PIP benefits must evidence of the PIP benefits be introduced as well.[3] The purpose of the setoff provision in section 627.736(3) "is to prevent a plaintiff from obtaining a double recovery, i.e., receiving as damages sums for which PIP benefits were paid." McKenna, 771 So.2d at 558. If no evidence of damages covered by PIP benefits is presented, no danger of double recovery exists. Where the jury hears no such evidence (for example, no evidence of medical expenses resulting from the accident), evidence of PIP benefits generally is not relevant. But see Bogosian v. State Farm Mut. Auto. Ins. Co., 817 So.2d 968, 973 (Fla. 3d DCA 2002) (agreeing with the plaintiff that a collateral source instruction should have been given even though plaintiff had introduced no evidence of the PIP benefits paid because the insurer had introduced the policy, which referred to PIP benefits, and the jury's award indicated it may have made a PIP benefits deduction on its own).

C. When must evidence of PIP benefits be introduced?
The third question asks whether, absent a waiver or an agreement by the parties, a party may introduce evidence of PIP benefits requiring a setoff to the judge after a jury trial. Because we have already determined that in a jury trial, under section 627.736(3), evidence of PIP benefits for purposes of setoff must be presented to the jury, we find the answer to the third question must be no; if the jury is required to hear evidence of PIP benefits for purposes of a setoff, then a party would have nothing to present to the judge after trial. Although, as happened (inadvertently) in this case, the parties may stipulate to the presentation of the PIP setoff evidence to the trial judge, absent such stipulation such evidence must be presented to the trier of fact.

*546 III. APPLICATION OF LAW TO THIS CASE
Although we have answered the questions above, we note that this case presents unusual circumstances. Here, both parties waived the presentation of evidence of PIP benefits to the jury. The parties apparently operated under the assumption that section 768.76(1) applied and that the judge would determine the setoff issue. (In fact, after trial, the plaintiffs specifically argued that section 768.76(1) applied.) Neither party even mentioned section 627.736(1). As Judge Harris noted in his separate opinion below, the only dispute at trial was whether Baumle should present the evidence of PIP benefits to the judge during the trial (plaintiffs) or after the trial (Baumle). See Caruso, 835 So.2d at 280-81 (Harris, J., concurring specially). Therefore, to resolve this case, we must determine whether, when both parties waive the requirements of section 627.736(3) and agree to submit the PIP setoff issue to the trial court, the court abuses its discretion by (A) considering the issue after trial instead of during trial, and (B) ordering post-trial discovery on the issue. We discuss each issue in turn.
We first determine whether, once the parties waive presentation of PIP benefits to the jury, it is an abuse of discretion for the judge to determine the PIP setoff after the trial. We conclude the answer is no. If, contrary to the statute, both parties waive presentation of the issue to the jury, the judge must still consider evidence of PIP benefits for the purpose of a setoff in order to effectuate the statute's purpose of preventing a double recovery. Cf. Allstate Ins. Co. v. Rudnick, 761 So.2d 289, 290 (Fla.2000) (noting that "[t]he parties stipulated that all offsets would be handled after trial"). It makes no difference whether the judge performs the setoff at trialfor example, just after the jury verdict-or waits until a posttrial hearing to do so. The effect is the same. Therefore, once the parties waived the jury determination here, it was within the judge's discretion to determine the setoff after the trial.
The second issue is whether, when a judge decides to consider the setoff issue after trial, the judge may also order post-trial discovery on the issue. The answer to that question depends on the circumstances. In this case, well before trial the court issued a uniform pretrial order providing that "[a]ll discovery shall close on the day prior to the pretrial conference unless extended by Court order for good cause shown." The order also required the parties to state their objections to any evidence listed on the opposing party's witness and exhibit lists, and warned that any objections not so stated would be deemed waived at trial. The plaintiffs noted an objection to the PIP records custodian on the grounds of relevance, and to the PIP exhibits on grounds of relevance and overbreadth. The plaintiffs did not object on the grounds of authenticity. It was only at the trial, when Baumle attempted to introduce the PIP records, that plaintiffs objected on that ground. The trial court, in its discretion, allowed post-trial discovery solely for the purpose of authenticating the PIP records.
We find that under these narrow circumstances the trial court did not abuse its discretion in ordering post-trial discovery. Ordinarily, of course, once the trial begins no further discovery is permissible, whether the jury or the judge determines the PIP setoff. In this case, however, the trial court could simply have overruled the plaintiffs' objection on the grounds of authenticity and accepted the PIP records. Instead, the trial court allowed discovery to address the plaintiffs' concerns. Therefore, the court's order allowing discovery *547 actually benefitted the plaintiffs. In such circumstances, the court did not abuse its discretion.

III. CONCLUSION
We answer questions number one and two in the affirmative, the third question in the negative, and approve the decision of the district court. We disapprove Scott, 773 So.2d at 1290, to the extent that, contrary to section 627.736(3), it requires the judge to hold a post-trial hearing to determine the PIP setoff.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, and BELL, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, C.J., and CANTERO, J., concur.
PARIENTE, J., concurring.
I fully concur in the well-reasoned majority opinion in this case. In particular, I agree that in automobile accident cases, evidence of PIP benefits that have been paid or are payable must be presented to the trier of fact. I write separately because a review of the current jury instructions on collateral sources reveals that there is no instruction that specifically pertains to section 627.736(3), Florida Statutes (2003), the PIP setoff statute at issue in this case. I thus suggest that the Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) consider changes to Florida Standard Jury Instruction 6.13, the collateral source rule.[4] In addition the Committee should consider changes to Paragraph 2 of this jury instruction's "Notes on Use."
Currently, as pointed out by the majority, there are two applicable collateral source statutes: section 627.736, which governs setoffs for PIP benefits in automobile accident cases, and section 768.76(1), Florida Statutes (2003), which governs setoffs in all other negligence cases. A third collateral source statute, section 627.7372, Florida Statutes (1987), was repealed in 1993 for causes of action accruing on or after October 1, 1993. See Fla. Std. Jury Instr. 6.13 (Notes on Use) (citing Ch. 93.245, § 3, Laws of Fla.).
Standard Jury Instruction 6.13(a) is the jury instruction that is derived from section 768.76(1), which is applicable to tort actions in general. Standard Jury Instruction 6.13(b) relates solely to the now-repealed statute, section 627.7372, which, similar to the PIP setoff statute, previously required the factfinder to set off the collateral source. There is no mention in the jury instructions on the collateral source rule of the PIP setoff statute that we interpret in this case. Moreover, the *548 Notes on Use in Standard Jury Instruction 6.13 refer only to repealed section 627.7372. The omission of the PIP setoff statute from the jury instructions and notes has the potential to cause confusion rather than assisting judges and litigants.
Accordingly, a specific jury instruction, with accompanying explanatory notes on use, should be added to correspond to the PIP setoff statute, section 627.736(3). I suggest that the Committee study the matter and propose changes to the instructions on the jury's role in evaluating collateral source evidence in suits involving automobile accidents arising after October 1, 1993. These changes are necessary in order to accurately instruct the jury on the PIP setoff statute.
ANSTEAD, C.J., and CANTERO, J., concur.
NOTES
[1] The actual question certified was the following:

IN AN AUTOMOBILE ACCIDENT CASE, DOES SECTION 627.736(3) REQUIRE THAT EVIDENCE OF PIP BENEFITS FOR PURPOSES OF SETOFF BE PRESENTED TO THE TRIER OF FACT, BE IT JUDGE OR JURY, AND IF A JURY, MUST THE JURY BE INSTRUCTED THAT THE PLAINTIFF SHALL NOT RECOVER SPECIAL DAMAGES FOR PERSONAL INJURY PROTECTION BENEFITS PAID OR PAYABLE?
OR, PURSUANT TO THAT STATUTE AND ABSENT A WAIVER OR AN AGREEMENT BY THE PARTIES, MAY A PARTY, ASSERTING SETOFF OF PIP BENEFITS, INTRODUCE THAT EVIDENCE AFTER A JURY TRIAL TO THE JUDGE FOR A FACT FINDING OF AMOUNTS INVOLVED, AND FOR PURPOSES OF REDUCING THE PLAINTIFF'S RECOVERY?
Caruso, 835 So.2d at 281.
[2] In Garcia v. Arraga, 872 So.2d 266 (Fla. 4th DCA 2004), the Fourth District recently found that both section 768.76(1) and section 627.736(3) apply simultaneously "regardless if [sic] the case is a personal injury case or a general tort case." 872 So.2d at 269. The district court concluded that "both provisions provide the trial court with the authority to reduce damage awards by the value of collateral sources payments as a post-verdict procedure." Id. We disagree with this position and, as explained above, find that in motor vehicle accident cases, section 627.736(3) controls.
[3] The Fifth District refers to this as the "obvious assumption in section 627.736(3) that the `trier of fact' will hear evidence of the PIP setoffs, be it judge or jury, and that the jury will be instructed plaintiffs cannot recover such PIP benefits paid or payable." Caruso, 835 So.2d at 280 (emphasis added).
[4] Florida Standard Jury Instruction 6.13 provides:

A. Tort actions generally:
You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits (specially)] which the evidence shows (claimant) received from his [employer] [insurance company] [or some other source]. The court will reduce as necessary the amount of compensation to which (claimant) is entitled on account of any such payments.
B. Actions accruing before October 1, 1993 arising out of ownership, operation, use or maintenance of a motor vehicle:
In this case, you should reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [disability benefits] [medical insurance benefits] [or other benefits (specify)] which the evidence shows (claimant) received from his [employer] [insurance company] [or some other source].
Fl. Std. Jury Inst. 6.13.