891 So.2d 1043 (2004)
Randy Ryan FELGENHAUER, Appellant/Cross-Appellee,
v.
Selina BONDS, Appellee/Cross-Appellant.
No. 2D03-4575.
District Court of Appeal of Florida, Second District.
September 10, 2004.
Rehearing Denied October 21, 2004.
*1044 Jeffrey R. Fuller of Brasfield, Fuller, Freeman, Lovell & O'Hern, P.A., St. Petersburg, for Appellant/Cross-Appellee.
Samuel S. Mehrine, Jr., Tampa, for Appellee/Cross-Appellant.
STRINGER, Judge.
Randy Ryan Felgenhauer seeks review of the final judgment which awarded the plaintiff Selina Bonds $165,608.90 in this automobile negligence action. Felgenhauer argues that the trial court erred in denying his motion to set off the $10,000 settlement between Bonds and the owner of the vehicle Felgenhauer was operating. Bonds cross-appeals, arguing that the trial court erred in granting Felgenhauer's motion to set off the $10,000 PIP benefits received by Bonds. We conclude that Felgenhauer is entitled to a set-off for the settlement but not the PIP benefits. Thus, we reverse on both direct appeal and cross-appeal.
On direct appeal, Felgenhauer argues that he was entitled to a set-off of the $10,000 settlement between Bonds and the owner of the vehicle Felgenhauer was driving. There is no dispute that the owner's settlement was on any basis other than the owner's vicarious liability for Felgenhauer's actions under the dangerous instrumentality doctrine. Sections 768.041 and 46.015, Florida Statutes (2001), provide for a set-off of settlements in negligence actions. Section 768.041 provides:
Release or covenant not to sue. 
(1) A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.
(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
Section 46.015 contains almost identical language. Under sections 768.041 and 46.015 a defendant is entitled to a set-off of the sum the plaintiff received from a tortfeasor who was vicariously liable for the *1045 defendant's acts. See Grobman v. Posey, 863 So.2d 1230, 1237 (Fla. 4th DCA 2003); J.R. Brooks & Son, Inc. v. Quiroz, 707 So.2d 861, 863 (Fla. 3d DCA 1998); see also Hertz Corp. v. Hellens, 140 So.2d 73, 73 (Fla. 2d DCA 1962) (holding that section 54.28, the predecessor to section 768.041, applies to allow set-offs for vicariously liable tortfeasors).
Bonds does not challenge Felgenhauer's assertion that defendants are entitled to a set-off for amounts received from a vicariously liable tortfeasor, but argues that Felgenhauer waived this argument by failing to plead set-off as an affirmative defense.[1] It is well settled in contract actions that set-off is an affirmative defense that must be pleaded or it is waived. See Parker v. Priestley, 39 So.2d 210, 213 (Fla.1949); Coffin v. Talbot, 110 Fla. 131, 148 So. 184, 187 (1933); Skaf's Jewelers, Inc. v. Antwerp Import Corp., 150 So.2d 260, 262 (Fla. 2d DCA 1963); Jojo's Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So.2d 503, 504 (Fla. 4th DCA 2003). However, in tort actions allowing for a set-off under sections 768.041 and 46.015, set-off is not an affirmative defense to be considered by the jury but is a determination regarding damages to be made by the court after the verdict is rendered.
Sections 768.041 and 46.015 specifically provide that the fact of the settlement is not to be made known to the jury. Thus, there is no need for the defendant to plead or present evidence regarding such a set-off at trial because it would not affect the plaintiff's preparation of her case or the court's rulings at trial. Compare Hamm v. City of Milton, 358 So.2d 121, 122 (Fla. 1st DCA 1978) (holding that set-off for payments advanced by an insurer for lost wages, medical expenses, and maid services did not constitute an affirmative defense that must be pleaded in the answer in a negligence action). Accordingly, Felgenhauer did not waive the set-off of the settlement by failing to raise the issue in a pleading prior to trial.
On cross-appeal, Bonds argues that the trial court erred in granting Felgenhauer's motion to set off $10,000 PIP benefits. Section 627.736(3), Florida Statutes (2001), provides for a set-off of PIP benefits as follows:
(3) INSURED'S RIGHTS TO RECOVERY OF SPECIAL DAMAGES IN TORT CLAIMS.  No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of ss. 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable.
This section, unlike sections 768.041 and 46.015, expressly requires a jury[2] determination regarding the set-off of benefits paid. Caruso v. Baumle, 880 So.2d 540, *1046 542 (Fla.2004). Thus, evidence of PIP benefits must be presented to the jury, and the jury must be instructed to set off the PIP benefits. Id. This implies that set-off under section 627.736(3) must be asserted as an affirmative defense prior to trial. See Fla. R. Civ. P. 1.110(d) (requiring affirmative defenses be pleaded); see also Caruso, 880 So.2d 540 (noting that the defendant "asserted an affirmative defense of setoff of plaintiffs' PIP benefits"). While the parties may stipulate to the presentation of evidence regarding a PIP set-off to the trial judge, Caruso, 880 So.2d at 542, there is no evidence of such a stipulation in this record.
In this case, the court did not grant Felgenhauer's motion to set off PIP benefits until the court's hearing on Felgenhauer's motion to set aside the final judgment. Because the affirmative defense of set-off was not asserted before trial and no evidence regarding the benefits was presented to the jury, the trial court erred in granting the set-off for PIP benefits.
Appeal and cross-appeal reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., concur.
NOTES
[1] It should be noted that Felgenhauer never filed an answer at all, and the case went to trial solely on the issue of damages after a default was entered.
[2] In cases where the right to a trial by jury is waived, the court acts as the fact-finder and makes the determination regarding set-off of PIP benefits.