PER CURIAM.
On November 1, 2005, the Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) filed a report proposing changes to Standard Jury Instruction 6.13, the “Collateral Source Rule” for civil cases. We have jurisdiction. See art. V, § 2(a), Fla. Const. Prior to submitting this report to the Court, the Committee published its proposed amendments in the April 1, 2005, edition of The Florida Bar News. No comments were received. The Committee has submitted the following proposed amendments to the Florida Standard Jury Instructions in Civil Cases, Standard Jury Instruction 6.13:
(1) adding a new subsection c to the text of the instruction and a new Note on Use 3. The changes are intended to correspond to the PIP setoff statute, section 627.736(3), Florida Statutes (2005), which applies to suits involving automobile accidents arising after October 1, 1993.
(2) deletion of the last sentence of Note on Use 2, which presently reads: “In all actions accruing on or after October 1, 1993, reduction for collateral source payments should be made by the court, not the jury, pursuant to § 768.76, F.S. (1986 Supp.), and 6.13a.”
The new subsection c being proposed by the Committee reads:
c. Actions accruing on or after October 1, 1993, arising out of ownership, operation, use, 'or maintenance of a motor vehicle:
Some expenses claimed as damages by (claimant) may have been paid [or are payable] by personal injury protection insurance. You should not award (claimant) any damages for [earnings lost in the past] [or] [past medical expenses] that have been paid [or that are payable] by personal injury protection insurance. [“Payable” expenses are expenses that have been incurred and will be paid by personal injury protection insurance].
The new Note on Use 3 being proposed by the Committee reads:
*980 3. In most cases, the parties will agree that PIP setoffs are to be applied by the court post-trial. Absent such an agreement, in all actions for personal injury or wrongful death accruing on or after October 1, 1993, arising out of the ownership, operation, use, or maintenance of a motor vehicle, in which evidence is presented that personal injury protection benefits have been paid or are payable, 6.13c should be given. See § 627.736(3), F.S.; Caruso v. Baumle, 880 So.2d 540 (Fla.2004). The bracketed language that constitutes the last sentence of 6.13c should be given only where personal injury protection benefits are payable for incurred expenses that have not yet been processed or paid by the personal injury protection insurer at the time of trial. See Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000). It appears that “payable” personal injury protection benefits do not include benefits for incurred expenses that have been submitted to, but contested by, the PIP insurer at the time of trial, or in situations where the PIP insurer is insolvent at the time of trial. Cf. Rollins, 761 So.2d at 299-300. Pending further development of the law, however, the committee takes no position as to whether the bracketed last sentence of 6.13c should be given in such circumstances.
The Court hereby authorizes for publication and use the proposed amendments as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of these instructions and remind all interested persons that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions. We further caution all interested persons that the notes and comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the view of the Court as to their correctness or applicability.
Accordingly, the new instructions are appended to this opinion and will be effective on the date this opinion becomes final. The new language is indicated by underscoring; deletions are indicated by strike-through type.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

Standard Jury Instruction 6.13
Collateral Source Rule

a. Tort actions generally:

You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits (specify)] which the evidence shows (claimant) received from his [employer] [insurance company] [or some other source]. The court will reduce as necessary the amount of compensation to which (claimant) is entitled on account of any such payments.

b. Actions accruing before October 1, 1993 arising out of ownership, operation, use, or maintenance of a motor vehicle:

In this case, you should reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [disability benefits] [medical insurance benefits] [or other benefits (specify) ] which the evidence shows (claimant) received from his [employer] [insurance company] [or some other source].
*981 c. Actions accruing on or after October 1, 1993, arising out of ownership, operation, use, or maintenance of a motor vehicle:
Some expenses claimed as damages by (claimant) may have been paid [or are payable] by personal injury protection insurance. You should not award (claimant) any damages for [earnings lost in the past] [or] [past medical expenses] that have been paid [or that are payable] by personal injury protection insurance. [“Payable” expenses are expenses that have been incurred and will be paid by personal injury protection insurance].
NOTES ON USE
1. If improper evidence of collateral benefits is inadvertently admitted or if, in the circumstances of the case, the payment of collateral benefits is inferred, 6.13a, the conventional collateral source charge, should be given immediately following mention in the charge of the particular element of damage to which the collateral source charge is properly applicable. See Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963); Greyhound Corp. v. Ford, 157 So.2d 427 (Fla. 2d DCA 1963). See § 768.76, Fla. Stat. (1986 Supp.), concerning particular collateral source deductions by the court.
2. 6.13b not 6.13a should be given in all actions for personal injury or wrongful death accruing before October 1, 1993, arising out of the ownership, operation, use, or maintenance of a motor vehicle. 6.13b is derived from § 627.7372, Fla. Stat. (1987), which was repealed for causes of action accruing on or after October 1,1993. Ch. 93-245, § 3, Laws of Fla. That statute specified which benefits are defined as collateral sources and which are specifically excluded from the definition. -I-n-all ae-tions -accruing on or after October- -L-l-993, reduction for collateral source payments should be-made by-the court, not the-jury, pursuant -to § 768-76, F.S-.-(1986 Supp.), and 6.13a.
3.In most cases, the parties will agree that PIP setoffs are to be applied by the court post-trial. Absent such an agreement, in all actions for personal injury or wrongful death accruing on or after October 1, 1993, arising out of the ownership, operation, use, or maintenance of a motor vehicle, in which evidence is presented that personal injury protection benefits have been paid or are payable, 6.13c should be given. See § 627.736(3), Fla. Stat.; Caruso v. Baumle, 880 So.2d 540 (Fla.2004). The bracketed language that constitutes the last sentence of 6.13c should be given only where personal injury protection benefits are payable for incurred expenses that have not yet been processed or paid by the personal injury protection insurer at the time of trial. See Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000). It appears that “payable” personal injury protection benefits do not include benefits for incurred expenses that have been submitted to, but contested by, the PIP insurer at the time of trial, or in situations where the PIP insurer is insolvent at the time of trial. Cf. Rollins, 761 So.2d at 299-300. Pending further development of the law, however, the committee takes no position as to whether the bracketed last sentence of 6.13c should be given in such circumstance.