DAVIS, Chief Judge.
This case arises out of an automobile accident in which Gregory Dorsett was *1183 injured and Mae Rose Moody was determined to be negligent. Following trial, the jury returned a verdict against Ms. Moody in the amount of $11,237.86 for Mr. Dor-sett’s personal injuries. Prior to trial Mr. Dorsett’s insurance carrier paid him $5484.96 in personal injury protection (PIP) coverage proceeds. On appeal, Ms. Moody challenges the trial court’s denial of her request to apply this amount as a setoff to the jury’s verdict. For the reasons set forth below, we reverse and remand.
During the course of the trial, counsel for Ms. Moody brought to the trial court’s attention a misunderstanding between himself and counsel for Mr. Dorsett regarding whether the setoff procedure was an evidentiary matter for the jury to determine or a matter to be addressed by the court postverdict. Counsel for Mr. Dorsett advised the court that there was no dispute as to the amount of the PIP setoff but that he was not stipulating to the matter being handled posttrial. The trial court ruled that “it should be postver-dict,” and Mr. Dorsett objected to the ruling. The trial court overruled the objection, and the trial continued with Ms. Moody relying on the trial court’s ruling and not presenting any evidence of the PIP payments.
Following trial and after entry of the jury’s verdict, Ms. Moody moved for application of the PIP setoff pursuant to the trial court’s earlier ruling, and Mr. Dorsett again objected, citing for the first time the Florida Supreme Court’s decision in Caruso v. Baumle, 880 So.2d 540 (Fla.2004). In Caruso, the supreme court concluded that unless there is a stipulation otherwise, the defense must present evidence to the jury of the amount of PIP payments the plaintiff has received so that the jury can then reduce the verdict by the setoff. Counsel for Mr. Dorsett argued that because he never stipulated to the matter being handled postverdict, Caruso required that the trial court deny Ms. Moody’s motion seeking setoff. The trial court agreed and entered the final judgment reflecting the jury’s award with no setoff. On appeal, Ms. Moody maintains that this was error.
We agree with Mr. Dorsett that because there was no stated stipulation given by Mr. Dorsett’s counsel below to allow the parties to forgo the jury’s determination of the setoff, Caruso should apply to the instant case. However, based on other circumstances found in this case, we nevertheless must reverse the trial court’s postverdict denial of the setoff.
Initially, we note that there is nothing in the record to suggest that the parties discussed this specific issue with the trial c.ourt prior to trial. The conversation at trial between the trial court and the attorneys suggests that based on the practice in that circuit both the court and Ms. Moody’s attorney assumed that the post-verdict procedure would be followed. And when the issue was first brought to the trial court’s attention, Mr. Dorsett’s counsel did not argue the application of Caruso within his general objection to using that procedure. At that time, the trial court erroneously overruled that objection, thereby failing to follow Caruso and instead choosing to follow the circuit’s post-verdict procedure.[1] Albeit incorrect, this *1184 led to Ms. Moody’s counsel proceeding to closing argument without presenting any evidence of the PIP payments in reliance on the trial court’s ruling. When the trial court then corrected its ruling postverdict and denied the setoff, Ms. Moody already had relied on the ruling to her detriment.
Based on the facts of this case, we conclude that Ms. Moody reasonably relied on the trial court’s erroneous midtrial ruling and cannot be penalized for doing so. See John Hancock Mut. Life Ins. Co. v. Zalay, 522 So.2d 944, 946 (Fla. 2d DCA 1988) (“A party cannot be penalized for good faith reliance on a trial court’s ruling.”). The prejudice in the instant case was compounded by the trial court’s subsequent attempts to correct the error. Had the trial court initially required a jury determination of the setoff amount, Ms. Moody would have presented the evidence before closing her case. And had the trial court not attempted, to correct the error before rendering .the judgment, simply allowing the erroneous posttrial setoff procedure to occur, an appeal by Mr. Dorsett would have, at best, resulted in a remand for a retrial on the setoff issue. The results of such an appeal would not have allowed Mr. Dorsett a double recovery from the verdict and the PIP amount. Cf. Wallace v. Allstate Indem. Co., 920 So.2d 50, 53 (Fla. 5th DCA 2005) (“To simply eliminate the [posttrial] [setoff] would allow a double recovery contrary to law.... [Such a] resolution does not work ... where the insurer wishes to pursue its [setoff], even though a retrial of damages is required.”).
Similarly, a reversal in this case affords Ms. Moody no more relief than that available to Mr. Dorsett on appeal had the trial court not belatedly attempted to remedy its original error. But an affir-mance under these circumstances would provide a double recovery to Mr. Dorsett and an injury to Ms. Moody that exists only because of the trial court’s attempts to correct its error.
Where a ruling is subsequently found to be erroneous, litigants must be granted an opportunity to present their case under the corrected ruling.... “A party who relies on a favorable trial court ruling should not be placed at risk of being worse off than had the ruling been unfavorable in the first instance.”
John Hancock Mut., 522 So.2d at 946 (quoting Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 527 So.2d 211, 215 (Fla. 3d DCA 1987), disapproved, 537 So.2d 561 (Fla.1988)).[2] Accordingly, we reverse. We note that on remand the parties may agree to offset the verdict by the unchallenged amount of $5484.96, failing which a new trial solely on that issue must be held.
Reversed and remanded.
*1185 WALLACE and CRENSHAW, JJ., Concur.

. The trial court's decision apparently was based on local practice and in consideration of the agreement that the amount of the setoff was not in dispute. Furthermore, the trial court noted that the verdict form prepared by Mr. Dorsett’s counsel failed to provide for a determination of the setoff despite his obvious plans to object to the postverdict determination. From our reading of the record, it is clear that Mr. Dorsett’s counsel anticipated the trial court’s following the posttrial procedure. A pretrial order required the plaintiff *1184 to prepare the jury instructions. These instructions prepared by Mr. Dorsett’s counsel prior to trial do not include any reference to the setoff procedure. And despite his lack of stipulation, it is clear that Mr. Dorsett’s counsel was aware that a posttrial procedure was a customary practice in the circuit. Yet instead of offering the case law to the trial court in a manner that would have allowed for the proper procedure to be utilized, Mr. Dorsett’s counsel made no attempt to submit the issue to the jury, thereby allowing the trial court to commit the error and precluding admission of the wholly undisputed evidence of the setoff amount until it was too late to correct the exclusion and allow for a jury determination.

. We note that the Florida Supreme Court's disapproval of the holding in Arky, Freed was based on the application of the principle to facts and policy in that specific case that are not similar to those found in the instant case. Accordingly, the general proposition from Arky, Freed relied on in John Hancock Mutual remains valid and applicable to these facts.