POLEN, J.
We reverse the final judgment in favor of the defendant because we find error in the trial court’s failure to offset any collateral source reduction by the amount of premiums paid by the plaintiff in obtaining PIP coverage. Although we reverse on this issue, we are not persuaded by the other arguments on appeal.
The plaintiff was injured in a car accident and sued the defendant in a negligence action. The defendant was determined to be liable, and the jury awarded $9,737.00 for past medical expenses. There were no other damages awarded.
The defendant filed a motion for collateral source setoff for PIP benefits paid or payable. This motion argued that any award for past medical expenses should be reduced by $10,000 for PIP benefits paid or payable. The trial court agreed and entered a final judgment in favor of the defendant, which stated: “the Court having reduced the verdict by collateral source PIP payments paid or payable, be it ordered and adjudged that Plaintiff shall take nothing by this action and that Defendant ... shall go hence without day.” Thereafter, the plaintiff filed a motion to vacate the final judgment. At the hearing on the motion to vacate, the plaintiff admitted that “PIP paid out $10,000.” The plaintiff also argued that the set-off should be reduced by the amount of premiums paid by the plaintiff to obtain PIP coverage. The trial court denied the plaintiffs motion to vacate, and this appeal followed.
*526 Section 768.76(1) provides that any collateral source reduction of damages
shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant’s immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury.
§ 768.76(1), Fla. Stat. (1999). When an award of damages is reduced according to the amount of PIP benefits paid to the plaintiff, section 768.76(1) “allow[s] a reduction from the setoffs for the plaintiffs cost of obtaining PIP coverage....” McKenna v. Carlson, 771 So.2d 555, 558 (Fla. 5th DCA 2000).
We remand this case to the lower court because the court failed to consider reducing the collateral source set-off by the amount paid by the plaintiff in obtaining those collateral source benefits. On remand, and in accordance with McKenna and section 768.76, Florida Statutes, the lower court shall determine the amount paid by the plaintiff in obtaining PIP coverage. That amount shall then be used to offset against any reduction in damages awarded to the plaintiff based on PIP benefits paid as a result of his injury. Accordingly, we reverse and remand this case for further proceedings.

Reversed and Remanded.

DAMOORGIAN and LEVINE, JJ., concur.